**Lyord EPHRAIM, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43991.**

Court of Criminal Appeals of Texas.

July 7, 1971.

Rehearing Denied Nov. 2, 1971.

Paul W. Anderson, Marshall, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is robbery; the punishment fifteen (15) years.

We are met at the outset with the following motion:

"MR. ANDERSON: Comes now the defendant and moves the court to continue this case for the reason that the defendant, who is incarcerated in the Harrison County Jail, was brought into the courtroom in front of the entire jury panel in his full clothing with the inscription on the reverse side of the coveralls in plain view, 'No. 46' at the top—'Harrison County Jail No. 71' thereafter. Such dress and attire is calculated and intended to, and will influence and prejudice the minds of the jury panel to such an extent defendant can not get a fair and impartial trial. The jury panel will conclude he is already guilty since he was dressed in such jail clothing. This opinion can not be removed from the minds of such jury panel, and in order that this defendant may be given a fair and impartial trial, defendant requests the court to continue this matter until another panel is available in order that he may receive a fair and impartial trial."

The record reflects a picture of a man taken from his back with the words "Harrison County Jail 71" in block letters. The page on which such picture appears is entitled "Photograph of Defendant in Jail Clothing. (Offered by the Defendant Out of the Presence of the Jury in Support of Motion for Mistrial on Basis of Manner of Dress.)"

In contesting the motion, the State took the position that no harm could result because another prisoner had been tried in jail clothing the week before and the jury had failed to reach a verdict in such trial.

Appellant relies on Hernandez v. Beto, 443 F.2d 634 (5th Cir., 1971, petition for rehearing overruled, May 12, 1971), and we agree that that case is applicable to the case at bar. Hernandez made no objection, yet the Fifth Circuit held:

"We conclude that trying Hernandez in his prison clothing infringed a fundamental right—the presumption of innocence."

The judgment is reversed and the cause is remanded.