Cydney Rhea DICKEY, Appellant,

v.

STATE of Texas, Appellee.

No. 11–90–035–CR.

Court of Appeals of Texas,
Eastland.

Sept. 26, 1991.

David Bires, Bires & Schaffer, Houston, for appellant.

Michael J. Guarino, Crim. Dist. Atty., Galveston, for appellee.

## OPINION

DICKENSON, Justice.

After the trial court overruled her motion to suppress evidence, Cydney Rhea Dickey waived her right to a jury trial, entered a plea of not guilty, and signed a stipulation of evidence. The district judge found that she was guilty of an aggravated felony offense (possession of more than 28 grams of a controlled substance, methamphetamine)[1] and assessed her punishment

---

1. TEX.REV.CIV.STAT.ANN. art. 4476–15, § 4.04 has been recodified as TEX.HEALTH & SAFETY CODE ANN. § 481.115 (Vernon Pamph. 1991). That statute provides that possession of more than 28 grams of methamphetamine is an aggravated felony which shall be punished (if less than 400 grams) by confinement for life, or

at confinement for 8 years.[2]  We affirm.

## Background Facts

Richard E. Ashwood is a Houston Police Officer who was in charge of the search of appellant's home in Galveston County on September 2, 1987.  He was the only witness who testified at the hearing on appellant's motion to suppress the evidence found in that search.  The record is not clear, but it appears that Ashwood was in charge of an intergovernmental drug task force.

Ashwood is the officer who signed an affidavit which was presented to a Galveston County Justice of the Peace.  The affidavit stated that Ashwood had reliable and credible information from an informant that appellant had methamphetamine in a trailer house located outside the City of Dickinson in Galveston County.  The judge issued a search warrant for the premises. About 30 minutes later, Ashwood and other officers searched appellant's trailer and found the methamphetamine.  The return on the search warrant was signed by Ashwood, but the return states that the warrant was executed by R.E. Ashwood, H.R. Crocker, R.R. Hulett, Pat Bittner, Randy Burroughs, Eddie Fowler, and patrol officers.  Ashwood's testimony shows that Bittner is a deputy in the Galveston County Sheriff's Department.

## Points of Error

Appellant contends in three points of error that the trial court erred in overruling her motion to suppress the evidence seized during the execution of the search warrant because: (1) the search warrant was issued to a peace officer acting outside his jurisdiction; (2) the search warrant was executed by a peace officer acting outside his jurisdiction; and (3) the affidavit for the search warrant was not supported by probable cause.

## Preservation of Error

When the case was called for trial on the merits, appellant waived her right to a jury trial, pled not guilty, and signed a stipulation of evidence.  The State argues that appellant failed to preserve her points of error for review.  See, e.g., *Moraguez v. State*, 701 S.W.2d 902 at 905 (Tex.Cr.App. 1986):

> [A]n erroneous ruling on a motion to suppress will not vitiate a conviction where the evidence sought to be suppressed is not introduced *and the conviction is supported by other evidence independently of that contested by the motion to suppress.*

> \*   \*   \*   \*   \*   \*

> Since the stipulated evidence is not shown to be based on, derived from or in any way tainted by the allegedly constitutionally impermissible arrest, search and seizure, we must conclude it was independently obtained by the witnesses. (Emphasis added)

*Moraguez* is distinguished in the recent case of *Morin v. State*, 800 S.W.2d 328 at 331 (Tex.App.—Corpus Christi 1990, no pet'n), where the "unchallenged evidence consisted only of appellant's confession."

█ In the case before us, the only evidence introduced at the brief trial on the merits was the "Stipulation of Evidence" which, omitting the form portion, reads in full as shown:

> After having been sworn, upon oath, I admit and agree the following facts would constitute the evidence in this case:

> On the *2nd* day of *September, 1987,* in Galveston County, Texas, I did then and there intentionally and knowingly possess a controlled substance, to-wit Methamphetamine in the amount of more than 28 grams but less than 400 grams, by aggregate weight including any adulterants and dilutants.

The record is clear that all parties knew that appellant waived her right to a jury

for a term of not less than 5 nor more than 99 years, and by a fine of not more than $50,000.

2.  This appeal was transferred from the Houston [1st District] Court of Appeals to this Court pursuant to TEX.GOV'T.CODE ANN. § 73.001 (Vernon 1988).

trial and stipulated the evidence in order to appeal the trial court's ruling on the motion to suppress. Indeed, the sentencing was postponed so that she could make arrangements to remain free on bond pending appeal. We are convinced that this appeal is governed by the statements in *Morgan v. State*, 688 S.W.2d 504 at 507 (Tex.Cr.App. 1985):

> Just as the plea itself no longer waives the right to complain of pre-trial rulings on appeal, so the confession or admission will not bar an appellate court from reaching the merits of the complaint.

> \* \* \* \* \* \*

[A]ppellant has adequately preserved [her] search and seizure claim for appellate review on its merits.

### Jurisdiction of Peace Officer

Appellant asserts, in her first two points, that the trial court erred in denying her motion to suppress because the search warrant was issued to, and executed by, a peace officer acting outside his jurisdiction.

■■■ TEX.CODE CRIM.PRO.ANN. art. 18.01(b) (Vernon Supp.1991) allows the issuing magistrate to issue a search warrant if "[a] sworn affidavit setting forth substantial facts establishing probable cause" is presented. The Code of Criminal Procedure does not limit the class of individuals who can file an affidavit for a search warrant. The affidavit may be filed by anyone. Therefore, it makes no difference that the affidavit was signed by the Houston police officer and not by the Galveston County deputy sheriff.

■ The search warrant was addressed: "To the Sheriff or Any Peace Officer of Galveston County." TEX.CODE CRIM. PRO.ANN. art. 18.04(3) (Vernon 1977) provides that a search warrant shall "command any peace officer of the proper county to search forthwith the person, place, or thing named." The location named in the search warrant is in Galveston County, and at least one of the peace officers who participated in the search and whose name was listed in the return was a deputy in the Galveston County Sheriff's Department.

That officer had jurisdiction to execute the search warrant. See *Keen v. State*, 626 S.W.2d 309 at 313 (Tex.Cr.App.1981), where the Court of Criminal Appeals stated:

> Fargo was assisted by officers with county-wide jurisdiction. We thus reject the appellant's contention that the search was unlawful because of an absence of authority for Fargo to act outside the city of Austin.

See also *Rivera v. State*, 730 S.W.2d 824 at 826 (Tex.App.—Houston [14th Dist.] 1987), *cert. den'd*, 485 U.S. 978, 108 S.Ct. 1272, 99 L.Ed.2d 483 (1988). Appellant's first two points of error are overruled.

### Probable Cause

■ The affidavit which Ashwood signed and presented to the magistrate at 10:05 p.m. on September 2, 1987, stated in pertinent part:

> At approximately 4:30 PM on September 2nd, 1987, the informant was at the trailer house in question ... [and] saw Cydney Dickey give to Thomas Moody an ounce of methamphetamine powder ... [and] also saw Cydney Dickey with at least 6 more ounces of Methamphetamine powder that was contained in plastic baggies and were concealed inside of a brief case.

Appellant argues that, because one of the people who left the house after 4:30 p.m. was not apprehended, the information was stale because of the "possibility" that the person who got away might have taken the methamphetamine away from the trailer house. We disagree. See *Capistran v. State*, 759 S.W.2d 121 at 127 (Tex.Cr.App. 1982), where an observation within 72 hours was deemed sufficient without proof as to what might have happened in the time after observation and prior to requesting the search warrant. The third point of error is overruled.

The judgment of the trial court is affirmed.