Clarence Arthur LOVELY, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–94–182 CR.

Court of Appeals of Texas, Beaumont.

Submitted Jan. 13, 1995.

Decided March 1, 1995.

---

4. The record of the case consists of nearly 1200 pages of testimony and 900 pages of transcript.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

WALKER, Chief Justice.

Appellant was convicted by a jury for having committed the felony offense of Possession of a Controlled Substance. Appellant's indictment contained six enhancement paragraphs raising appellant's punishment status to that of a habitual offender. Appellant elected to have the trial court assess punishment. Following appellant's plea of "true" to five of the enhancement allegations, the trial court sentenced appellant to confinement for life in the Institutional Division of the Texas Department of Criminal Justice. Appellant raises five points of error on appeal.

Point of error one complains that the evidence is insufficient to sustain the conviction. The applicable appellate standard for reviewing questions of evidentiary sufficiency is for the reviewing court to view all of the evidence in the light most favorable to the verdict and then determine whether any rational trier of fact could have found each of the essential elements of the offense to have been proven beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Geesa v. State,* 820 S.W.2d 154 (Tex.Crim.App.1991). In the instant case, appellate review of *"all"* of the evidence that was admitted before the jury is not possible as the record before us does not contain State's Exhibit 3 which is described as the videotape of the SWAT team's entry into and subsequent search of the house in which appellant was located and arrested. This videotape was viewed at least two times by the jury and apparently contains a depiction of the bedroom in which appellant and four other men were located along with several rocks of crack cocaine as well as implements for smoking and cutting up said cocaine. Because of the highly circumstantial nature of the State's case, any visual evidence with regard to the size of the bedroom, the location of appellant *viz à viz* any cocaine rocks and smoking or cutting implements would greatly aid any finder of

Willard J. Hall, Jr., Beaumont, for appellant.

Tom Maness, Dist. Atty., John R. Dewitt, Asst. Dist. Atty., Beaumont, for State.

fact in determining whether or not appellant "exercised actual care, custody, control, or management" over the contraband. *Eaglin v. State,* 872 S.W.2d 332, 336 (Tex.App.–Beaumont 1994, no pet.). The transcript before us reflects that appellant's written designation of record on appeal does not contain a request for any trial exhibits to be included in said appellate record.

■ It has been held by the Court of Criminal Appeals that an appellate court cannot make any determination as to the lack of sufficient evidence to sustain a conviction without review of the *entire* record of the trial before the fact finder. *O'Neal v. State,* 826 S.W.2d 172, 173 (Tex.Crim.App.1992); *Greenwood v. State,* 823 S.W.2d 660, 661 (Tex.Crim.App.1992). Furthermore, TEX. R.APP.P. 50(d) places the burden on the "appellant, or other party seeking review, to see that a sufficient record is presented to show error requiring reversal." As such an appellant who wishes to raise a sufficiency issue on appeal has the burden of ensuring that the entire record of the trial before the fact finder is before the appellate court. *O'Neal v. State,* 826 S.W.2d at 173. Because the record before us does not contain the videotape exhibited to the jury, nor even a request for its inclusion in the appellate record, appellant has waived any review of his insufficient evidence complaint. Point of error one is overruled.

■ Appellant submits point of error two for our consideration as follows:

The trial court erred in admitting, over Appellant's Motion to Suppress, evidence seized as a result of a search and arrest warrant defective because it was issued by a non-attorney, Justice of the Peace, and made for an arrest and search pursuant to Tex.Crim.Proc.Ann., Article 18.02, subdivision (10).

The crux of appellant's complaint is set out in the following portion of appellant's brief under point of error two:

Thus, under the reasoning of *Martin [v. State,* 727 S.W.2d 820 (Tex.App.–Fort Worth 1987, no pet.) ], the instant warrant, because it was for the *arrest and search* of the Appellant Lovely, his person, and the

Delaware Street premises where he was found, would be considered an 'evidentiary' search warrant requiring that same be issued by a lawyer, non-justice of the peace. In other words, Lovely's warrant was for his personal *arrest and search* whereas the *Martin* warrant was strictly for the seizure of drugs and crime implements from a premises.

We find appellant's argument characterizing the warrant in the instant case as "evidentiary" to be strained to the point of disingenuousness. A copy of the warrant in question is contained in the record before us. An examination of said warrant reveals that it commands the officers to "enter the suspected place and premises described in said Affidavit and to there search for the property described in said Affidavit and to seize the same … [and] to arrest and bring before me each person described and accused in said Affidavit." The "property" listed in said Affidavit is described as follows: "There is at said suspected place and premises property concealed and kept in violation of the laws of Texas and described as follows: A controlled substance to-wit cocaine without a valid prescription." There is no language in either the affidavit or in the warrant itself focusing specifically on the "arrest and search" of appellant alone. Paragraph three of the affidavit does list appellant's name and physical description as being one of six persons in charge of the house identified and described in paragraph one.

We see no substantive distinction between the facts of the instant case and the facts set out in the *Martin* case in which the authorities raided a suspected clandestine drug laboratory set up in a house. As in our case, the search warrant in *Martin* was executed by a Justice of the Peace. We reach the same conclusion as the Fort Worth Court of Appeals which analyzed the identical issue as follows:

After examining the search warrant contained in the record, it is clear that the warrant was not a[ ] [TEX.CODE CRIM.PROC. ANN. art.] 18.02(10) [ (Vernon Supp.1995) ] "evidentiary" search warrant, but was instead a search warrant ordered for the seizure of drugs and equipment used in

manufacture and production of such drugs pursuant to article 18.02(2), (7) and (9).... The requirements applicable to "evidentiary" search warrants, i.e., the requirement of article 18.01(c) that only a judge of a statutory county court, district court, Court of Criminal Appeals, or the Supreme Court, may issue such warrant, is not applicable to this warrant. We hold that the search warrant was properly issued, [and] such evidence was validly seized, ...

*Martin*, 727 S.W.2d at 821.

In the instant case, the "article 18.02(10)" clause of article 18.01(c) is inapplicable to the warrant in question in that said warrant was issued to search for and seize 1) drugs kept in violation of the laws of this state [art. 18.02(7)], and 2) persons [art. 18.02(11)]. Point of error two is overruled.

Point of error three multifariously complains that the trial court erred in admitting the contraband into evidence because the information contained in the affidavit used to support the issuance of the warrant was "stale," and that said affidavit was unreliable "on its face." In addition to setting out the general rule for testing the sufficiency of an affidavit to support the issuance of a search warrant, as discussed in *Illinois v. Gates*[1], appellant lists three cases at the conclusion of the "Argument and Authorities" portion of point of error three. Appellant's reliance on these cases is misplaced. In *Bell v. State*, 845 S.W.2d 454 (Tex.App.–Austin 1993, no pet.), although the authorities were executing a search and arrest warrant at a house the warrant did not list the defendant as a suspect. Therefore, the sole issue dealt with the admissibility of a baggie of marijuana found on the defendant's person following his *warrantless* arrest and search as the defendant was not prosecuted for any contraband found within the house.

In *Dickey v. State*, 816 S.W.2d 832 (Tex. App.–Eastland 1991, no pet.), the Court did address a "stale information" issue with regard to a warrant affidavit. Citing *Capistran v. State*, 759 S.W.2d 121, 127 (Tex.Crim. App.1982), the Eastland Court held that an observation within 72 hours was sufficient

without proof as to what might have happened in the intervening period between the time of the observation and the time the warrant was requested. *Dickey, supra* at 834.

In *Bernard v. State*, 807 S.W.2d 359 (Tex. App.–Houston [14th Dist.] 1991, no pet.), the Court noted that there are no arbitrary time periods which automatically destroy the basis for a reasonable belief as to the continuation of the probable cause scenario set forth in the affidavit. *Id.* at 365. In *Bernard,* the Houston Court found that probable cause was not destroyed by the fact that the latest factual incident described in the affidavit had taken place some twelve days prior to the request for the warrant.

In the instant case, appellant makes no attempt to argue how the above three cases are applicable or distinguishable with regard to the facts presented to the trial court. We refuse to speculate as to how the cases are favorable to appellant's argument. Point of error three is overruled.

■ Point of error four alleges error from the fact that appellant's appearance in jail clothing was exposed to the venire panel "in a prejudicial, highly suggestive light." The record reflects that while the panel of prospective jurors waited outside the courtroom in an adjacent hallway, appellant was escorted through the hallway and into the courtroom. The record further reflects that appellant was dressed in a blue, two-piece outfit resembling "hospital clothes." The record does not indicate whether or not appellant's jail clothes had any writing or marking on them identifying him as a prisoner. Appellant was neither handcuffed nor shackled with chains.

The cases with precedential value to this Court upon which appellant relies are *Randle v. State*, 826 S.W.2d 943 (Tex.Crim.App. 1992); and *Ephraim v. State*, 471 S.W.2d 798 (Tex.Crim.App.1971). Both *Randle* and *Ephraim* are distinguishable on two points. First, in both *Randle* and *Ephraim*, the fact that the accused was wearing jail attire was not in doubt. In *Randle*, the trial court explicitly told the venire that appellant was

1. 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

wearing jail clothes. In *Ephraim,* the accused's "coveralls" exhibited, on the back, the words, "Harrison County Jail 71," in block letters. Second, and most important, the Court of Criminal Appeals has repeatedly held that no error is shown when an encounter between the jury panel and a defendant wearing jail clothing occurs so long as said encounter is momentary, inadvertent, fortuitous, and away from the courtroom. *Hernandez v. State,* 805 S.W.2d 409, 415 (Tex. Crim.App.1990), *cert. denied,* 500 U.S. 960, 111 S.Ct. 2275, 114 L.Ed.2d 726 (1991); *Clark v. State,* 717 S.W.2d 910, 918–919 (Tex. Crim.App.1986), *cert. denied,* 481 U.S. 1059, 107 S.Ct. 2202, 95 L.Ed.2d 857 (1987). The brief bit of testimony before us, along with appellant's written bill of exception found in the transcript, indicates that appellant's encounter with the panel of prospective jurors did not take place inside the courtroom, as did the encounters in *Randle* and *Ephraim,* and that said encounter was entirely "momentary," "inadvertent," and "fortuitous." We find no prejudice to appellant under the facts presented for our consideration. Point of error four is overruled.

■ Point of error five states the following: "The trial court erred in addressing Appellant's counsel in an obtusive (sic) manner before the jury, and as such, discredited the position of the appellant before the trier of fact." The portion of the record cited by appellant for our examination is located at the conclusion of the State's closing remarks during the guilt/innocence phase of the trial. It is reproduced as follows:

> The Court: All right. Ladies and gentlemen of the jury, please retire to—
>
> [Trial Counsel]: Your Honor, I would like—because of some of the facts, I would like to have a chance to respond.
>
> The Court: [Trial Counsel], what provision of the law ever allows a defense lawyer to stand up and interrupt the Court?
>
> [Trial Counsel]: I apologize.
>
> The Court: And what law allows the defense lawyer after The State has opened—you have fully argued longer than the time that I asked you to limit your time to, and then The State closed. And

what is your basis for requesting more time now?

> [Trial Counsel]: (No response)
>
> The Court: All right. Please, ladies and gentlemen, retire to the jury room and consider your verdict.
>
> (Whereupon the jury retires to the jury room for deliberations at 3:05 p.m., after which time the proceedings continue outside of the presence of the jury as follows, to-wit:)
>
> The Court: You know very well, [Trial Counsel], that the law does not allow additional argument after both sides have argued fully and closed.
>
> [Trial Counsel]: No, sir, I do not know that and I—
>
> The Court: Well, I feel sorry for you.
>
> [Trial Counsel]: Your Honor, at this time we request a mistrial.
>
> The Court: Overruled.

As sole precedential authority for our consideration, appellant relies on *McClenan v. State,* 661 S.W.2d 108 (Tex.Crim.App.1983), for the proposition that "conduct of a judge can be grounds for reversal on due process grounds where bias could be inferred." While this is true as a general proposition, the *McClenan* Court explicitly provides:

> However, we limit the use of bias as a ground for disqualification to those cases in which the bias is shown to be of such a nature and to such an extent as to deny a defendant due process of law.

*Id.* at 109.

In the instant case, we find no evidence of bias by the trial court to such an extent that appellant was denied due process of law. The record clearly reflects that trial counsel interrupted the trial court as it was dismissing the jury for deliberations. The most that can be said of the court's initial response is that it was meant to make trial counsel aware of simple courtroom etiquette. The trial court's second question to trial counsel merely seems to request counsel to provide some legal authority for his request to respond to the State's closing remarks after counsel had been permitted his full allotment of time for closing remarks. The record reflects that the remaining comments in

question by the court to trial counsel took place outside the presence of the jury. In short, we find no evidence of bias on the part of the trial court to the point of prejudicing appellant's defense and denying him due process. Point of error five is overruled. The judgment and the sentence of the trial court are affirmed.

AFFIRMED.