

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-17-00065-CR

THOMAS RANDAZZO, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 336th District Court
Fannin County, Texas
Trial Court No. CR-15-25590

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

A jury found Thomas Randazzo guilty of continuous sexual abuse of a child and assessed his punishment as life in prison. Randazzo has appealed, maintaining the trial court erred when it refused to grant a mistrial on the basis that veniremembers saw him in custody as he was led from a holding cell into the courtroom. For the reasons below, we affirm the trial court's judgment.

## I.      Background

Following a break in voir dire proceedings,[1] Randazzo informed the trial court that he was concerned that some of the veniremembers had seen him in the custody of the correctional officers. In response, the court questioned correctional officers Mark Lusk and Deborah Henry, who had been tasked with transporting Randazzo. Lusk testified that he had escorted Randazzo to the restroom during a break and that there were eight to ten individuals in the hall at that time. Lusk asked the individuals to move to the side so that he could walk with Randazzo to the restroom. Lusk stated that he did not know if any of the individuals were jurors. Henry testified that she had been standing in the doorway of a nearby holding cell, that she was in uniform, and that she had been watching the security camera in anticipation of Randazzo's and Lusk's return. Henry said that, because of her attire, a layperson would have believed her to be a correctional officer. Henry stated that she neither saw any of the veniremembers nor believed her presence had any effect on

---

[1] The State had completed its voir dire, and the trial court had allowed the venirepanel and the participants to take a short break prior to proceeding with Randazzo's voir dire.

them. The trial court reviewed the security camera recordings, which corroborated Lusk's and Henry's testimony.[2]

Randazzo maintains that, in addition to the veniremembers seeing him with the correctional officers in the hall, he had also been seen exiting a holding cell. Arguing that his right to a fair trial had been compromised, Randazzo orally requested a mistrial, which the trial court denied.[3]

## II. Discussion

Randazzo equates the circumstances of this case to cases that address restraining a defendant during his trial.[4] The Court of Criminal Appeals has held that a defendant suffers when a jury sees him in handcuffs or shackles and that it results in the infringement of his constitutional

---

[2]Lusk refers to the area as a hall. The recording shows what appears to be a waiting room, with chairs lined up against the walls and a hall leading to and from the room.

[3]We review the denial of a motion for mistrial under an abuse of discretion standard and must uphold the trial court's ruling if it is within the zone of reasonable disagreement. *Coble v. State*, 330 S.W.3d 253, 292 (Tex. Crim. App. 2010).

[4]In his brief, Randazzo states, "Handcuffs and shackles represent custody impairing a defendant's right to the presumption of innocence. Here, the Appellant might as well have been handcuffed and shackled because he was surrounded by guards, one of which was armed by her own admission." Despite Randazzo's contention, we note there is no evidence that any of the veniremembers observed Randazzo in handcuffs, shackles, or any type of restraints, either before or during the proceedings.

Randazzo also refers to cases wherein defendants have been forced to wear jail clothing in the presence of the venirepanel or the jury. *See Lovely v. State*, 894 S.W.2d 99, 102–03 (Tex. App.—Beaumont 1995, pet. ref'd). In *Lovely*, the Beaumont Court of Appeals was presented with a situation where Lovely was wearing blue clothing that resembled "hospital clothes." Lovely was escorted through the hallway while prospective jurors waited in an adjacent hallway. *Id*. at 102. The appellate court distinguished Lovely's clothing from the standard prison attire that had been mentioned in other cases because the standard prison attire left "no doubt" that the jury panel knew the clothes were issued by the jail. *Id*. The court further relied upon precedent that no error is shown when an encounter between the jury panel and a defendant wearing jail clothing occurs so long as the encounter is momentary, inadvertent, fortuitous, and away from the courtroom. *Id.* at 103 (citing *Hernandez v. State*, 805 S.W.2d 409, 415 (Tex. Crim. App. 1990)).

In the present case, Randazzo was not wearing jail clothing; instead, he was dressed in civilian clothing. Randazzo contends, however, that unlike Lovely, the veniremembers,' "view of him was not brief. [He] was returned to his chair from the holding cell; whereupon the guards sit [sic] around him." Even assuming that the veniremembers who saw Randazzo were actually seated as jurors for the continuation of the proceedings, as explained below, he has failed to show that he was harmed or prejudiced by their supposed observations.

presumption of innocence. *Bell v. State*, 415 S.W.3d 278, 282 (Tex. Crim. App. 2013). All efforts should be made to prevent the jury from seeing the defendant in shackles, except when there has been a showing of exceptional circumstances or a manifest need for restraint. *Id*. However, even if an abuse of discretion occurs, reversal may not be appropriate if such abuse is not shown to be harmful. *Canalas v. State*, 98 S.W.3d 690, 697–98 (Tex. Crim. App. 2003). Absent evidence that a juror saw the restraints, the defendant has not been harmed.[5] *Id*.

We believe, however, that the present case is more analogous to cases involving complaints relating to the presence of uniformed peace officers in the courtroom. The presence of guards or, as in this case, correctional officers is not "as inherently prejudicial" as shackling. *Gravis v. State*, 982 S.W.2d 933, 935–36 (Tex. Crim. App. 1998). In *Carrasquillo,* the Second Court of Appeals addressed what was referred to as "armed camp" allegations. *Carrasquillo v. State*, 742 S.W.2d 104, 112 (Tex. App.—Fort Worth 1987, no pet.). In that case, there were four officers present in the courtroom, seated next to and behind the defendant. The appellate court found that the presence of the officers was not "inherently lacking in due process" because "there was no showing that [the officers] caused any confusion or distracted the attention of the jurors." *Id.* Thus, because the presence of armed guards is not inherently prejudicial, an appellant must show actual prejudice. *Sterling v. State*, 830 S.W.2d 114, 118 (Tex. Crim. App. 1992).

Even assuming, without deciding, that the trial court erred when it denied Randazzo's motion for mistrial, Randazzo cannot demonstrate that he was actually prejudiced by the presence

---

[5]The test for harmless error is whether there exists a reasonable probability that the complained-of error might have contributed to the conviction or affected the punishment assessed against the defendant. *Schneble v. Florida*, 405 U.S. 427, 432 (1972).

of the two correctional guards. The recording of the incident shows that Randazzo was outside of the courtroom when he was seen by a handful of what he believed to be veniremembers, for what amounted to a very brief and inadvertent encounter. Randazzo has not shown that any of these individuals were influenced by the incident nor has he shown that any of them were actually seated as jurors.[6] There is no evidence that the correctional officers' presence inside, or outside, of the courtroom was conspicuous, confusing, or distracting to the veniremembers.

Likewise, there is no evidence that the veniremembers observed the correctional officers exercising control over Randazzo, either inside or outside the courtroom. Lastly, the jury was admonished orally and instructed in the trial court's jury instructions as follows: "The fact that a person is arrested, confined, or indicted for, or otherwise charged with, the offense gives rise to no inference of guilt at trial." In the absence of evidence to the contrary, an appellate court presumes that the jury followed the trial court's instructions. *Ransom v. State*, 789 S.W.2d 572, 585 (Tex. Crim. App. 1989).

For these reasons, Randazzo has failed to show that the complained-of error caused him actual prejudice.[7] We overrule his sole point of error.

---

[6]Randazzo did not ask the trial court to allow him to question the veniremembers to determine whether the incident had a prejudicial effect on any of them.

[7]For the same reasons, we find that Randazzo has failed to show harm; that is, that the alleged error might have contributed to his conviction or sentence.

5

### III.     Conclusion

We affirm the trial court's judgment.

Ralph K. Burgess
Justice

Date Submitted:     October 31, 2017
Date Decided:       November 1, 2017

Do Not Publish