Ronald L. SCOTT, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–93–080–CR.

Court of Appeals of Texas, Waco.

Jan. 5, 1994.

James H. Kreimeyer, Holbrook Kreimeyer & Jesek, Belton, for appellant.

Sandy S. Gately, Dist. Atty., Gatesville, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

THOMAS, Chief Justice.

The court found Ronald Scott guilty of possession of child pornography and assessed punishment at 10 years in prison, probated; a $10,000 fine, with $5,000 of the fine probated; 120 days in the Coryell County Jail; and 400 hours of community service. Scott appeals on two points. First, he argues that he was entrapped. Second, he contends that the court erred in denying his motion to suppress the evidence. We affirm.

Los Angeles police, in conjunction with federal authorities, executed a search warrant in Los Angeles on a suspected distributor of child pornography. A second California search warrant was obtained and executed on the same individual's post office box. As a result of the search of the mailbox, a letter from Scott was seized. The letter indicated his desire to purchase child pornography.

William Dworin, a detective with Los Angeles Police Department's Sexually Exploited Child Unit, began corresponding with Scott. The correspondence goes into graphic detail regarding Scott's desire for child pornography, descriptions of specific ages and "actions" he desired, his fear of discovery, and finally his desperation to get his hands on the material.

After a controlled delivery of the requested child pornography by Federal Postal Inspectors, a search warrant was executed upon Scott's home. In addition to the articles delivered by the agents, polaroid nude pictures of eleven- or twelve-year-old girls were found.

## ENTRAPMENT

The Texas Penal Code provides that:

(a) It is a defense to prosecution that the actor engaged in the conduct charged because he was induced to do so by a law enforcement agent using persuasion or other means likely to cause persons to commit the offense. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.

TEX.PENAL CODE ANN. · § 8.06(a) (Vernon 1974). The issue of entrapment thus breaks down into two elements: (1) whether the defendant was induced to engage in the conduct by law enforcement officers, and (2) whether the means of inducement used were likely to cause persons, without reference to the particular defendant's predisposition, to commit the offense. *Norman v. State,* 588 S.W.2d 340, 346 (Tex.Crim.App.1978). The Texas entrapment statute establishes an objective standard that ignores the particular defendant's predisposition to commit the offense. *See Johnson v. State,* 650 S.W.2d 784, 788 (Tex.Crim.App.1983).

In his first point Scott contends that the court erred in failing to find that he was entrapped by the officers. He bases the point on the premise that the holding of the United States Supreme Court in *Jacobson v.*

*U.S.,* —— U.S. ——, 112 S.Ct. 1535, 118 L.Ed.2d 174 (1992), requires the Texas defense of entrapment to include the defendant's predisposition to commit the offense. He argues that, by considering the defendant's predisposition to commit the crime, the United States Supreme Court established a minimum constitutional standard that provides greater protection to a defendant than the Texas entrapment defense. Therefore, according to Scott, Texas may not go below this minimum constitutional standard by ignoring the defendant's predisposition. *See Brown v. State,* 657 S.W.2d 797 (Tex.Crim. App.1983), *overruled on other grounds, Heitman v. State,* 815 S.W.2d 681 (Tex.Crim.App. 1991). Scott contends that the evidence failed to prove that he was predisposed to commit the offense independently of the officer's inducement.

The problem with Scott's analysis is that the holding in *Jacobson* is not based on constitutional principles, but is based on the substantive federal law of entrapment. *See Jacobson,* —— U.S. at —— – ——, 112 S.Ct. at 1540–41. Accordingly, Texas is not required as a matter of constitutional law to conform its entrapment defense to the elements of the federal defense. *See Hubbard v. State,* 770 S.W.2d 31, 39–40 (Tex.App.— Dallas 1989, pet. ref'd) (holding that Texas is not required as a matter of constitutional principle to extend entrapment defense to a defendant who denies committing the offense).

■ Therefore, first we must determine whether there was an inducement on the part of the officer. The legal definition of "induce" is "to influence to an act or course of conduct." BLACK'S LAW DICTIONARY 697 (5th ed. 1979). In applying the test to the facts of this case, it is apparent that there was not an inducement on the part of the police agents. *See id; Langford v. State,* 571 S.W.2d 326, 331–32 (Tex.Crim.App.1978). The officer contacted Scott only after he found a letter from Scott indicating his desire to purchase child pornography. Thus, when Dworin wrote back to Scott he was merely responding to Scott's request for child pornography, not inducing him to purchase it. Law enforcement merely afforded Scott an opportunity to commit the offense. Because we find that there was no inducement on the part of the officer, we do not reach the second prong of the test. We overrule point one. *See Johnson,* 650 S.W.2d at 789.

## SEARCH WARRANT

■ In his second point, Scott argues that the court erred in denying his motion to suppress the evidence because the warrant authorizing the search was not issued by the judge of a court of record. Scott contends that the justice of the peace did not have authority to issue the warrant because it was an evidentiary warrant. *See* TEX.CODE CRIM. PROC.ANN. art. 18.02(10) (Vernon Supp.1993).

Article 18.02 of the Code of Criminal Procedure sets forth the items for which a search warrant may be issued:

> A search warrant may be issued to search for and seize:
>
> .    .    .    .    .
>
> (8) any property the possession of which is prohibited by law;
>
> (9) implements or instruments used in the commission of a crime;
>
> (10) property or items, except the personal writings by the accused, constituting evidence of an offense or constituting evidence tending to show that a particular person committed an offense.

*Id.* art. 18.02(8), (9), (10).

Specific items not listed in subsections one through nine in article 18.02 may be sought in a search warrant under the catch-all language of subsection (10). *See* TEX.GOV'T CODE ANN. § 311.026 (Vernon 1988). A search warrant issued under article 18.02(10) is referred to as an "evidentiary warrant." *See Lindley v. State,* 736 S.W.2d 267, 274 (Tex.App.—Fort Worth 1987, pet. ref'd). Only judges of municipal courts of record licensed as attorneys, statutory county or district judges, or judges from the Court of Criminal Appeals or Supreme Court may issue evidentiary warrants under article 18.-02(10). TEX.CODE CRIM.PROC.ANN. art. 18.-01(c). However, if the item sought to be seized is listed in article 18.02 then any mag-

istrate may issue the warrant. *Id.* art. 18.-01(d) (Vernon 1977).

The items sought to be seized in the present case were:

a. A January 9, 1992, issue of LA X ... Press or any other issues of this publication.

b. A check register or carbon copy of a check from Security Service Federal Credit Union, San Antonio, TX, for check No. 2534, on an account in the name of Ronald L. Scott.

c. A blank sample check from Security Service Federal Credit Union for an account in the name of Ronald L. Scott.

d. All correspondence, including envelopes, letters, and a photograph of a girl, from [the officer in Los Angeles].

e. Purchaser copy of American Express Money Order 46–121741728, in the amount of $160.00, and any record of payment for this money order.

f. One VHS video tape labeled "Brother and Sister," which contains visual depictions of minors engaging in sexually explicit conduct.

g. One "Nymph Lover" magazine.

h. One 5″ X 7″ color photograph depicting minors engaging in sexually explicit conduct.

i. One 13″ X 9½″ padded envelope Express Mail no. NB 390 603 169, addressed to Ron Scott.

j. Any visual depictions of minors engaging in sexually explicit conduct.

k. Any correspondence, including envelopes, letters, and brochures, relating to the sale, trade, production, or reproduction of visual depictions of minors engaging in sexually explicit conduct.

l. Any child erotica-type materials, such as drawings of children and newspaper, catalog, and advertisement clippings of children.

m. A rubber stamp return-address marker reading "Ronald L. Scott, Route 1, Box 528, Copperas Cove, TX 76522."

These specifically described items are either property the possession of which is illegal or implements or instruments used in the com-

mission of a crime—possession of child pornography. *See* TEX.CODE CRIM.PROC.ANN. art. 18.02(8), (9). Thus, because the specifically described items fall within subsection (8) or (9) of article 18.02, the justice of the peace had the authority to issue the search warrant. We overrule the second point and affirm the judgment.