NUMBER 13-01-784-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI







THE STATE OF TEXAS , Appellant,

v.




JOHNNY JOE ACOSTA , Appellee.




On appeal from the 36th District Court

of San Patricio County, Texas.





O P I N I O N

Before the Court En Banc (1)

Opinion by Justice Castillo




 The State appeals from the trial court's grant of Johnny Joe Acosta's "Motion to Determine the Admissibility of Illegally
Seized Evidence." Pursuant to that motion, the trial court determined that evidence obtained pursuant to a search warrant
was inadmissable. The State appeals this ruling. (2) We reverse and remand. 

FACTS

 Acosta was charged by indictment with the first degree felony offense of possession with intent to deliver cocaine. (3) On
November 2, 2000, officers executed a search warrant which authorized the search of a specified residence for cocaine. The
search warrant was issued by a justice of the peace in San Patricio County. At this time, officers retrieved approximately
forty grams of cocaine. The affidavit for the search warrant and the warrant itself were both titled "Article 18.02 (10),
Texas Code of Criminal Procedure." (4) 

 Acosta sought to suppress the cocaine evidence obtained in that search, filing his "Motion to Determine the Admissibility
of Illegally Seized Evidence" on October 17, 2001. Following a hearing, the trial judge granted the motion on the basis that
the justice of the peace, who does not hold a law license, lacked the authority to issue an article 18.02(10) evidentiary
warrant. 

STANDARD OF REVIEW

 We review the trial court's grant of a motion to suppress under the standards set forth in Guzman v. State, 955 S.W.2d 85,
89 (Tex. Crim. App. 1997). Under Guzman, the relevant standard of review depends on the type of question presented. Id.
We must afford almost total deference to the trial court's determination of the historical facts that are supported by the
record, especially where the determination is based on an evaluation of credibility and demeanor. Id. We also afford
almost total deference to the trial court's application of the law to the facts, where the application turns on an evaluation of
credibility and demeanor. Id. Where the application of the law to the facts does not revolve around an evaluation of
credibility and demeanor, we review the issue de novo. Id. However, in such a case we still afford deference to the trial
court's determination of the subsidiary fact questions. Id.

ANALYSIS

 In a single issue presented, the State argues that the trial court erred by invalidating the search warrant based on its title
alone, without looking to the substance of the warrant. The warrant was characterized and titled as an 18.02(10) warrant.
Tex. Code Crim. Proc. Ann. art. 18.02(Vernon Supp. 2002). Because this issue revolves around an application of the law
to the facts that is not dependent on an evaluation of credibility and demeanor, we review the issue de novo. Guzman, 955
S.W.2d at 89.

 Code of criminal procedure article 18.01 provides the general authority for, and governance of, the issuance of search
warrants. Tex. Code Crim. Proc. Ann. art. 18.01(Vernon Supp. 2003). Subsection (c) of that article states in relevant part
that "only a judge of a municipal court of record or county court who is an attorney licensed by the state of Texas, statutory
county court, district court, the Court of Criminal Appeals, or the Supreme Court may issue warrants pursuant to
Subdivision (10), Article 18.02 of this code." Tex. Code Crim. Proc. Ann. art. 18.01(c) (Vernon Supp. 2003). A justice of
the peace fails to meet the requirements of article 18.01(c), and may not issue warrants pursuant to article 18.02(10).
Chavez v. State, 769 S.W.2d 284, 286 (Tex. Civ. App.-Houston [1st Dist.] 1989, pet. ref'd). However, article 18.01(a)
permits any magistrate, including justices of the peace who lack a license to practice law, to issue all other types of search
warrants included in article 18.02. (5) Tex. Code Crim. Proc. Ann. art. 18.01(a) (Vernon Supp. 2003); Chavez, 769 S.W.2d
at 286.

 In this case, the substance of the warrant authorized only a search for cocaine. A justice of the peace without a law license
may issue such a warrant under article 18.02(7). (6) Tex. Code Crim. Proc. Ann. art. 18.02(7) (Vernon Supp. 2003); Chavez,
769 S.W.2d at 286. Our analysis thus turns on whether the trial court judge was correct in suppressing the evidence
obtained pursuant to the search warrant based on its expressed title as an 18.02(10) warrant or whether the trial court
instead should have denied the motion to suppress based on the fact that the substance of the warrant was permissible under
article 18.02(7). 

 We addressed a similar issue in Mason v. State, 838 S.W.2d 657, 660 (Tex. App.-Corpus Christi 1992, pet. ref'd). In that
case, a magistrate who was not a licensed attorney issued a warrant authorizing the search and seizure of drug evidence. Id.
The appellant claimed that the warrant was an evidentiary warrant under article 18.02(10), and therefore the magistrate was
prohibited by article 18.01(c) from issuing the warrant. Id. We found in that case that the warrant was properly issued
because the warrant authorized the search and seizure of drugs and was therefore within the class of 18.02 warrants issuable
by a judge who did not possess a law license. Id.

 Several other Texas courts of appeals have addressed whether a warrant was properly executed by a justice of the peace
under article 18.01. In Martin v. State, the Fort Worth court examined the language of the search warrant before it on
appeal and found that it specifically authorized the seizure of only drugs and equipment used in the manufacture of drugs;
therefore, the requirements of 18.01(c) did not apply and it was proper for the justice of the peace to issue the warrant
pursuant to article 18.02(2), (7), and (9). Martin v. State, 727 S.W.2d 820, 821 (Tex. App.-Fort Worth 1987, no pet.).
InScott v. State, the Waco court held that, because every item listed in the search warrant fell within the category of items
which are illegal to possess, or instruments used in the commission of a crime, the warrant was permissible under article
18.02(8) and (9), was not an evidentiary search warrant, and therefore was properly issued by a justice of the peace. Scott
v. State, 868 S.W.2d 430, 433 (Tex. App.-Waco 1994, pet. ref'd). In Chavez v. State, the First District Houston court held
that, because the search warrant in that case authorized only the seizure of methamphetamines, it was permissibly issued by
a justice of the peace. Chavez, 769 S.W.2d at 286. In Lovely v. State, the Beaumont court held that the prohibitions of
article 18.01(c) did not apply to that case, and therefore the warrant issued by the justice of the peace was valid, because the
search warrant was issued to seize illegal drugs, permissible under article 18.02(7), and persons, permissible under article
18.02(11). Lovely v. State, 894 S.W.2d 99, 102 (Tex. App.-Beaumont 1995, pet. ref'd). 

 We find similarly in this case that the warrant issued was permissible under article 18.01. The warrant states in relevant
part that "[Y]ou shall search for and, if the same be found, seize and bring before me the property described in the affidavit,
to-wit: COCAINE." The warrant authorizes the seizure of no other evidence. Such a search falls under article 18.02(7),
which allows for a search warrant to be issued to find "drugs kept, prepared, or manufactured in violation of the laws of this
state." Tex. Code Crim. Proc. Ann. art. 18.02(7) (Vernon Supp. 2003). The warrant was not, therefore, an article 18.02(10)
evidentiary warrant, because article 18.02(10) is "a catch-all section that applies only when the other articles do not." State
v. Young, 8 S.W.3d 695, 698 (Tex. App.-Fort Worth 1999, no pet.). Therefore, the limitations of article 18.01(c) do not
apply, and the evidence sought was obtainable by a search warrant issued by a justice of the peace. See Mason, 838 S.W.2d
at 660. 

 The present case does differ from those cited above in that here, the warrant was incorrectly subtitled "(Article 18.02(1),
Texas Code of Criminal Procedure)." In none of the above cases was the title, if any, of the search warrants mentioned.
However, we find the decision of the Fort Worth Court of Appeals in Young instructive. Young, 8 S.W.3d at 698. 
InYoung, a search warrant was brought authorizing the seizure of "evidence, to wit: 1. Keltec 9mm pistol or any other 9mm
pistols." Id. at 696. The police searching appellant's home found no Keltec 9mm pistol, but did seize other 9mm weapons
belonging to appellant. Id. The detective who drafted the warrant identified the object of search as "evidence." Id. at 698.
The detective further testified at the hearing that the warrant was evidentiary. Id. The appellant argued that the warrant
was therefore an evidentiary warrant under article 18.02(10) and, because it failed to identify the specific guns seized from
appellant's home, the evidence obtained was inadmissable. Id. at 696-97. The Young court found, however, that the
document itself reflected an intent to search for an instrument of the crime, the gun used in the offense. Id. at 698. The
affidavit attached to the search warrant further evidenced this intent. Id. The Young court looked to the language of the
warrant and the statements made in the affidavit in finding that the warrant was properly classified under article 18.02(9),
not article 18.02(10), despite the officer's characterization of the search as evidentiary, both in oral testimony and on the
affidavit and warrant. Id. 

 We find that the language of the search warrant clearly falls under article 18.02(7), and not article 18.02(10). As
mentioned supra, the plain language of the warrant authorizes the seizure of only cocaine. The affidavit used to procure the
warrant similarly states that "[i]t is the belief of affiant that said suspected party has possession of and is concealing at said
suspected place the following property: Cocaine." No other evidence is mentioned in the affidavit, and none was sought in
the warrant. Looking to the language of the affidavit as well as the warrant, as did the Young court, (7) we find that the
warrant is properly characterized as an article 18.02(7) warrant despite its title, and therefore was properly issued by the
justice of the peace. The trial court thus erred in granting the motion and ruling the evidence inadmissible. We grant the
State's sole issue.

CONCLUSION

 Accordingly, we reverse the trial court's order and remand the case for further proceedings commensurate with this
opinion.

 

ERRLINDA CASTILLO

Justice



Justice Yañez dissenting, joined by Chief Justice Valdez and Justice Rodriguez. 



Publish.

Tex. R. App. P. 47.2(b). 

Opinion delivered and filed

this 6th day of February, 2003.

1. Retired Justice Don Wittig assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. R.
App. P. 41.2(b) and Tex. Gov't Code Ann. §§ 74.003 and 75.002. (Vernon 1998).

2. Tex. Code Crim. Proc. Ann. art.44.01(a)(5)(Vernon Supp. 2003); State v. Medrano, 67 S.W.3d 892 (Tex. Crim. App.
2002) (State may appeal any questionable ruling that excludes evidence that may be legally admissible, regardless of title of
motion seeking exclusion, or the wording of order excluding evidence).

3. Tex. Health & Safety Code Ann. § 481.112 (d) (Vernon Supp. 2003). 

4. Article 18.02 (10) of the code of criminal procedure authorizes the issuance of a search warrant for "property or items,
except the personal writings by the accused, constituting evidence of an offense or constituting evidence tending to show
that a particular person committed an offense." Tex. Code Crim. Proc. Ann. art. 18.02(10)(Vernon Supp. 2003). A search
warrant issued pursuant to article 18.02(10) is known as an "evidentiary warrant." Scott v. State, 868 S.W.2d 430, 432
(Tex. App.-Waco 1994, pet. ref'd).

5. Tex. Code Crim. Proc. Ann. art. 18.02 (Vernon Supp. 2003). Article 18.02 sets out twelve categories of property, items,
or persons for which a search warrant authorizing the search and seizure of the same may issue. Id.

6. Tex. Code Crim. Proc. Ann. art. 18.02(7) (Vernon Supp. 2003). That section provides that a search warrant may issue
for the search and seizure of "drugs kept, prepared, or manufactured in violation of the laws of this state." Id. 

7. We likewise have held that, in a review of the validity of a search warrant, "[w]e read the affidavit and warrant together
and interpret them in a common sense and realistic fashion." Mason v. State, 838 S.W.2d 657, 660 (Tex. App.-Corpus
Christi 1992, pet. ref'd). 








NUMBER 13-01-784-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI



 
THE STATE OF TEXAS, Appellant,



v.




JOHNNY JOE ACOSTA, Appellee.

 

On appeal from the 36th District Court of San Patricio County, Texas.

 


DISSENTING OPINION

Before the Court En Banc

Dissenting Opinion by Justice Yañez




 The majority holds that the search warrant at issue here is an article 18.02(7) warrant authorizing the search for and seizure
of drugs, (1) notwithstanding that the warrant is captioned as an article 18.02(10) "evidentiary" (2) warrant and is supported by
an affidavit captioned as an article 18.02(10) affidavit. Accordingly, the majority holds that the warrant is not an article
18.02(10) evidentiary warrant to which the limitations of article 18.01(c) apply. See Tex. Code Crim. Proc. Ann. art.
18.01(c), 18.02(10) (Vernon Supp. 2003). I would hold that the trial court did not err in finding that the warrant is an
article 18.02(10) evidentiary search warrant, and because it was issued by a justice of the peace who lacked authority to
issue such a warrant, it is void. Accordingly, I respectfully dissent. 

 In a single issue, the State contends the "trial court erred by finding the search warrant to be void and not authorized to be
executed and that seizure resulted from the illegal conduct of the police." The State characterizes the issue for review as
whether the warrant's caption as an article 18.02(10) governs its classification or whether the warrant is properly classified
as an article 18.02(7) warrant because it authorizes a search for cocaine. 

Factual Background



 The facts of the search resulting in the suppression of evidence by the trial court are essentially undisputed. At the hearing
on the motion to suppress, (3) the only witness who testified was Leo Martinez, a police officer with the Sinton police
department. Martinez testified that he prepared the affidavit in support of the search warrant, obtained the warrant from a
magistrate, and participated in executing the warrant with several other officers around ten in the evening of November 2,
2000. The warrant authorized a search of a residence in Taft, Texas, allegedly controlled by Julian Maldonado. According
to Martinez, when the officers arrived, the occupants of the house, including Acosta and Maldonado, fled outside. The
officers searched the house and found marijuana residue, cocaine residue, a pistol, baggies, rolling papers, keys, some cash,
and various other items; no drugs were found in the house. All of these items were identified on the officer's return and
inventory as property seized during the search. Outside the house, the officers searched Maldonado and found
approximately five grams of cocaine. Martinez testified that another thirty-five ounces of cocaine was found on the street
and that two of the officers said they saw Acosta throw the cocaine. 

 On cross-examination, the following exchange occurred:

Q [Defendants' counsel]: As a matter of fact, you chose to get an evidentiary search warrant under Article 18.02 Section 10
of the Code of Criminal Procedure; is that correct?



A [Martinez]: I hadn't realized that it was that one, but, yes, that is the one that I conducted.



Q: And you set out in Section 3 of the affidavit for search warrant that you were looking for evidence-- property to
constitute evidence of an offense and evidence that the suspected party committed the offense; is that correct?



A: Yes, sir.



Q: And you had the option of getting a standard search and arrest warrant?



A: Yes, sir, that is correct.



Q: But you intentionally chose this-- this form in this warrant and used this means for obtaining entrance into Mr.
Maldonado's house, correct?



A: It wasn't intentionally added or realized that this was the form that I had selected.



Q: And but you will agree with me that you didn't ask to arrest Mr. Maldonado in this search warrant.



A: That is correct.



Q: All you wanted to do was search his property.



A: Yes, sir.



Q: To find evidence that he committed a crime?



A: To find the suspected cocaine.



Q: Okay. And you went to-- you did not go to Judge Welborn who is the County Court at Law judge or any of the other
district judges, did you?



A: No, I didn't.



Q: You went to Justice of the Peace Terry Simpson; is that correct?



A: That's correct.



Q: And he is not an attorney to your knowledge, is he?



A: Not to my knowledge.



Q: Okay. In Section 5 of the affidavit you requested permission from the Judge to let you just bust into his house basically
without knocking and announcing first; is that correct?



A: That is correct.



* * * * *



Q: Okay. Okay. So you went in. Was anybody in the house then?



A: No, sir.



Q: Okay. So Mr. Maldonado had just left his-- was outside his house?



A: Yes, sir.



Q: Is there some kind of law that prohibits somebody from being outside their house?



A: No, sir.



Q: So you did not see him commit any type of offense, did you?



A: No, sir.



Q: And it wasn't until after you searched him or searched the house that you found out that an offense had been committed, right?



A: The possession charge, yes.



Q: So what was the basis for you searching Mr. Maldonado?



A: On the search warrant.



Q: You didn't have a search and arrest warrant. You just had a search warrant-- 



A: That's correct.



Q: -- for his house; not for him?



A: Yes, sir.



Q: So what was the basis for searching him?



A: He ran from the house. What we were looking for was the evidence- was for the cocaine that was in the house.



Q: Okay.



A: That's why he got searched. He ran out, everybody was secured, and everybody was patted down and searched. 



Q: But he committed no offense in your presence, correct?



A: No, sir.



Q: And no reason for you to search him other than based on this search warrant?



A: That's correct.



 At the conclusion of the officer's testimony, the prosecutor argues to the court that 



the title of the warrant does not govern its classification. Thereafter, the defendants' counsel makes the following
argument:

[Defendants' counsel]: There is an additional argument Judge, and that is that Mr.-- 



[Prosecutor]: Me, too.



[Counsel]: I've got the burden of proof, so I get to argue first. Mr. Maldonado was arrested outside his premises, and this is
not a search and arrest warrant. There was no offense committed in the officer's presence so there was no reason to
articulate to search him, and so we're also challenging that.

 I mean, this could have been a search and arrest warrant which would have given him permission to search him pursuant to
arrest, but they didn't ask to arrest him.



Q [Court]: How do you get around that, Mike?



A [Prosecutor]: Well, I believe the Defendant's [sic] motion to suppress was based on the search warrant.

 If you look at the Defendant's motion to determine admissibility of the legally seized evidence, he stated that, number one,
the search of the Defendant and his residence was unnecessarily broad in scope and made without reasonable suspicion.



[Court]: Well, that is just what he just got through saying. You had no reason to arrest the Defendant. You had a warrant
that authorized a search of his residence.



[Prosecutor]: My second argument to that, Judge, is that he [Maldonado] was listed as the suspected party in control of the
residence who was seen immediately fleeing that residence.

 Certainly if he had been inside the residence when the offense occurred, we would have had-- or the officers would have
had the right to pat the Defendant down.



[Court]: Why? Why would they pat somebody down that wasn't even at the premises, wasn't even there for their own
protection? These guys were going the other direction.



[Prosecutor]: I am sorry. I didn't make myself clear.

 Had he been inside the residence when the search warrant was made, they could have had the right to do that. In other
words, they would have had the right to pat down these individuals. (emphasis added).



[Court]: Well, had they done the right form you would have had a whole lot of other things. But forget about what-- let's
talk about what really happened.

* * * * * 



[Court]: All right. Well, I'm going to go with you for a minute and let me just follow your logic.

 I've got a request-- I have a search warrant that gives you the right to search the house. Let's just say that the way that it's
written it actually-- a judge-- a JP would have been authorized to issue a search warrant for drugs-- 



[Defendants' counsel]: Right.



[Court]: -- as opposed to evidence. And as soon that [sic] in this case the evidence or drugs and by being specifically
defined somebody is going to broadenly [sic] interpret this statute and say that in this case that was allowable.

 It still doesn't give you the authority to arrest anybody. You get to the house and everybody in the house leaves. You have
no warrant to search their persons. You have no reason to believe they are going to hurt you because all they are doing is
getting as far-- putting as much distance between yourself and them as is humanly possible. Yet you stop them and detain
them and arrest them, right? And they all go to jail that night?



[Prosecutor]: Yes.



[Court]: For, quote, crimes committed in the officers' presence.



[Prosecutor]: Yes.



[Court]: And Mr. Maldonado's came as a result of a pat-down but Mr. Acosta tossed his?



[Prosecutor]: Yes.



[Court]: But then we know that you can't-- that an abandonment is not voluntarily [sic] if as a result of illegal conduct on
behalf of the State, right?

 Isn't that what the rule is on abandonment? It's not a voluntary abandonment if you're being illegally pursued or something
like that? Somewhere I read a case like that.



 In addition to finding that the warrant is void because it is an evidentiary warrant issued by a justice of the peace not
authorized to issue such warrants, the trial court also found that:

there is no indication in the search warrant at all that the officers were empowered to conduct any arrest of any person
under the warrant itself nor to do anything other than to search the structure or the premises as well as vehicles or property
there, and in fact, the search warrant goes and talks about everything other than the suspects and the suspects' person as to
what may be searched. 

 Applicable Law

 "The appropriate standard for reviewing a trial court's ruling on a motion to suppress is a bifurcated standard of review,
giving almost total deference to a trial court's determination of historical facts and reviewing de novo the court's application
of the law." Maxwell v. State, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002); Carmouche v. State, 10 S.W.3d 323, 327 (Tex.
Crim. App. 2000); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

 Article 18.01(c) provides that a warrant issued pursuant to article 18.02(10) may only be issued by: a judge of a municipal
court of record or county court who is an attorney licensed by the State of Texas, statutory county court, district court, the
Court of Criminal Appeals, or the Supreme Court. See Tex. Code Crim. Proc. Ann. art. 18.01(c) (Vernon Supp. 2003).

 The majority cites Mason v. State, 838 S.W.2d 657, 660 (Tex. App.-Corpus Christi 1992, pet. ref'd), Martin v. State, 727
S.W.2d 820, 821 (Tex. App.-Fort Worth 1987, no pet.), Scott v. State, 868 S.W.2d 430, 433 (Tex. App.-Waco 1994, pet.
ref'd), Chavez v. State, 769 S.W.2d 284, 286 (Tex. App.-Houston [1st Dist.] 1989, pet. ref'd), and Lovely v. State, 894
S.W.2d 99, 102 (Tex. App.-Beaumont 1995, pet. ref'd), in support of its conclusion that the warrant at issue here is an
article 18.02(7) warrant rather than an article 18.02(10) warrant. See Tex. Code Crim. Proc. Ann. art. 18.01(c), 18.02(7),
18.02(10) (Vernon Supp. 2003). The majority notes correctly, however, that none of those cases involve a warrant that was
titled as an article 18.02(10) warrant and a similarly titled affidavit. The majority then cites State v. Young, 8 S.W.3d 695,
698 (Tex. App.-Fort Worth 1999, no pet.), in support of its holding that the language of the affidavit and warrant in the
present case govern the warrant's classification as an article 18.02(7) warrant. 

 I note that Mason and Lovely are also distinguishable because unlike the warrant at issue here, the warrants in those cases
were search and arrest warrants, where the warrant authorized a search and the arrest of the party described or named in
the accompanying affidavit. See Lovely, 894 S.W.2d at 101; Mason, 837 S.W.2d at 659. In contrast, as the court's findings
reflect, the trial court found that the warrant here did not authorize the arrest of any person, but authorized only a search of
the residence and premises.

 In Young, the warrant authorized a search for "evidence to wit: 1. Keltec 9mm pistol or any other 9mm pistols." Young, 8
S.W.3d at 696. The accompanying affidavit stated that based on the appellee's oral confession, the weapon was "used in
the offenses" under investigation. Id. at 696-98. When the warrant authorizing the search for the pistol was executed,
however, no pistol was found. Id. at 697. Instead, various other items related to the pistol that were lying in plain
viewwere seized as evidence. Id. The appellee argued that the warrant was an evidentiary warrant under article 18.02(10)
and that as such, it did not authorize the seizure of the unspecified items because the warrant did not specifically identify
them. Id. at 698. The Fort Worth court rejected appellee's argument, holding that the warrant and accompanying affidavit
"also reflect an intent to search for an instrument of the crime." Id. Thus, because article 18.02(9) authorizes a warrant for
an implement or instrument of a crime, see Tex. Code Crim. Proc. Ann. art. 18.02(9) (Vernon Supp. 2003), the court held
that the warrant was properly issued under article 18.02(9) and was not an article 18.02(10) evidentiary warrant. See
Young, 8 S.W.3d at 698.

 As in Young, the warrant at issue here authorized a search for an item (drugs) listed in one of the subsections of article
18.02. See Tex. Code Crim. Proc. Ann. art. 18.02(7) (Vernon Supp. 2003). Also as in Young, the item identified in the
warrant was not found, but other items were found and seized. See Young, 8 S.W.3d at 697. Also as in Young, many of the
items seized presumably were in plain view. See id. However, unlike the circumstances in Young, the most damaging
evidence seized, the cocaine, was not found in plain view, and in fact, was not even found in the residence authorized to be
searched. Thus, I do not find Young controlling in the present case. 

 The warrant at issue here is titled as an article 18.02(10) warrant, and the accompanying affidavit is similarly titled. More
significantly, the trial court found that the warrant authorized a search of the residence and premises and did not authorize
an arrest of any person. Moreover, Acosta was not even identified in the affidavit or any other document as a person who
allegedly controlled the residence. I would hold that the trial court did not err in suppressing the evidence. 

 

LINDA REYNA YAÑEZ

Justice




Chief Justice Valdez and Justice Rodriguez

join in the dissent.



Publish.

Tex. R. App. P. 47.2(b).



Dissenting opinion delivered and filed this the

6th day of February, 2003.

1. See Tex. Code Crim. Proc. Ann. art. 18.07 (Vernon Supp. 2003).

2. Tex. Code Crim. Proc. Ann. art. 18.02(10) (Vernon Supp. 2003).

3. The motion to suppress was filed on behalf of Acosta and a co-defendant, Julian Maldonado. The motion was urged at a
hearing on behalf of both defendants in cause number S-01-3217-CR in the 36th District Court of San Patricio County,
Texas. The State appealed the trial court's suppression of evidence as to Maldonado in State v. Maldonado, No.
13-01-783-CR, 2002 Tex. App. LEXIS 9090 (Tex. App.-Corpus Christi December 19, 2002, no pet. h.) (not designated for
publication). A different panel of this Court reversed the trial court's order and remanded for further proceedings. See id.
The State appealed the suppression of evidence as to Acosta in the present case, which was assigned appellate cause
number 13-01-784-CR.