COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-142-CR
 
 
CLIFF 
NEAL MULLICAN                                                          APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
THE 355TH DISTRICT COURT OF HOOD COUNTY
 
------------
 
OPINION
 
------------
        Appellant 
Cliff Neal Mullican appeals his conviction for possession and promotion of child 
pornography. In a single point, appellant contends that the trial court erred in 
denying his motion to suppress. Appellant argues that the trial court should 
have suppressed the pornographic images of children taken from his computer 
because they were personal writings not subject to seizure with an evidentiary 
search warrant. We will affirm.
        In 
October 2003, a detective from the New York Police Department’s Computer 
Investigation and Technology Unit notified the Texas Attorney General’s 
Cybercrime Unit that child pornography was being disseminated from an Internet 
Protocol (“IP”) address in Granbury, Texas. The IP address was traced to 
appellant’s roommate. A search warrant authorizing the seizure of computer 
hardware, software, peripherals, files, and three specific images of child 
pornography from the residence appellant shared with his roommate was obtained 
and executed. During the search, law enforcement seized appellant’s hard 
drives and diskettes, which contained approximately one thousand images of child 
pornography.
        Appellant 
was charged with three counts of promotion of child pornography and seven counts 
of possession of child pornography. The trial court denied appellant’s motion 
to suppress the pornographic images of children seized under the search warrant. 
A jury found him guilty of the offenses charged and assessed punishment at 
twenty years’ incarceration for promotion of child pornography and ten 
years’ incarceration for possession of child pornography.
        Appellant 
argues that the trial court should have suppressed the pornographic images of 
children taken from his computer because they were personal writings not subject 
to seizure with an evidentiary search warrant issued under article 18.02 of the 
Texas Code of Criminal Procedure.[1]  The state 
argues that pornographic images of children do not constitute personal writings 
and that, even if they did, the personal writing exception would not apply 
because the search warrant was not “evidentiary.”
        We 
review a trial court's ruling on a motion to suppress evidence under a 
bifurcated standard of review. Carmouche v. State, 10 S.W.3d 323, 327 
(Tex. Crim. App. 2000); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. 
App. 1997). In reviewing the trial court's decision, we do not engage in our own 
factual review. Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 
1990); Best v. State, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, 
no pet.). At a suppression hearing, the trial judge is the sole trier of fact 
and judge of the credibility of the witnesses and the weight to be given their 
testimony. State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); Harrison 
v. State, 144 S.W.3d 82, 85-86 (Tex. App.—Fort Worth 2004). Therefore, we 
give almost total deference to the trial court's rulings on (1) questions of 
historical fact and (2) application-of-law-to-fact questions that turn on an 
evaluation of credibility and demeanor. Johnson v. State, 68 S.W.3d 644, 
652-53 (Tex. Crim. App. 2002); Best, 118 S.W.3d at 861-62. However, we 
review de novo a trial court's rulings on mixed questions of law and fact if 
they do not turn on the credibility and demeanor of witnesses. Johnson, 
68 S.W.3d at 652-53; Harrison, 144 S.W.3d at 86. Because appellant’s 
point does not turn on the credibility and demeanor of witnesses, we will review 
the trial court’s denial of appellant’s motion to suppress de novo.
        Article 
18.02 of the code of criminal procedure sets forth the rules governing the 
issuance of search warrants in Texas. See Tex. Code Crim. Proc. Ann. art. 18.02. 
Search warrants may issue for any of the nine items listed in sections one 
through nine of article 18.02. Id. Among the items listed is “any 
property the possession of which is prohibited by law.” Id. art. 
18.02(8).
        A 
search warrant may also be issued under article 18.02(10) to search for and 
seize “property or items, except the personal writings of the accused, 
constituting evidence of an offense or constituting evidence tending to show 
that a particular person committed an offense.” Id. art. 18.02(10). A 
search warrant issued under this article is referred to as an “evidentiary 
warrant.” See Lindley v. State, 736 S.W.2d 267, 274 (Tex. App.—Fort 
Worth 1987, pet. ref'd); Scott v. State, 868 S.W.2d 430, 432 (Tex. 
App.—Waco 1994, pet. ref’d).
        The 
pornographic photographs seized in this case constituted “property the 
possession of which is prohibited by law,” which may be the subject of a 
warrant issued under article 18.02(8).[2]  The 
photographs may also be characterized as “property or items . . . constituting 
evidence of an offense.” Tex. Code 
Crim. Proc. Ann. art. 18.02(10). They do not, however, constitute 
“personal writings of the accused.” Id. Personal writings refers to 
writings like diaries, memos, and journals that were not intended by the writer 
to be published to third parties, Reeves v. State, 969 S.W.2d 471, 486 
(Tex. App.—Waco 1998, pet. ref’d), and personal, nonbusiness letters, Nikrasch 
v. State, 698 S.W.2d 443, 448 (Tex. App.—Dallas 1985, no pet.). These 
forms of personal written expression do not include pornographic photographs of 
children.
        We 
hold that the pornographic photographs of children found in appellant’s 
computer were properly seized under article 18.02 of the code of criminal 
procedure and were not appellant’s personal writings. Accordingly, we overrule 
appellant’s sole point and affirm the trial court’s judgment.
  
  
                                                                  JOHN 
CAYCE
                                                                  CHIEF 
JUSTICE
 
 
PANEL 
A:   CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.

PUBLISH
 
DELIVERED: 
February 3, 2005


NOTES
1.  
See Tex. Code Crim. Proc. Ann. 
art. 18.02(10) (Vernon Supp. 2004-05). Evidence obtained in violation of article 
18.02 is not admissible as evidence against the accused in the trial of any 
criminal case. Id. art. 38.23.
2. 
 Tex. Code Crim. Proc. Ann. art. 
18.02(8). Possession of child pornography is a third-degree felony, and the 
promotion of child pornography or possession of child pornography with the 
intent to promote it is a second-degree felony. Tex. Penal Code Ann. § 43.26(a), 
(b)(3), (e), (g) (Vernon Supp. 2004-05).