# NO. 12-11-00152-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KEITH ALLEN WASHINGTON, APPELLANT* | § | *APPEAL FROM THE 173RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS, APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Keith Allen Washington appeals his conviction for three counts of engaging in organized criminal activity. In two issues, Appellant argues that the trial court erred in overruling his motion to suppress evidence. We affirm.

## BACKGROUND

A Henderson County grand jury indicted Appellant along with LaChance and Elkon Crutchfield for the felony offense of engaging in organized criminal activity. The indictment arose from a criminal investigation of activities at the Crutchfields' home. Specifically, investigators observed what they believed to be stolen items at the home and obtained and served three search warrants on the residence. In the course of their investigation, the investigators recovered two ATVs that they later determined were stolen and a trailer containing equipment that had been stolen from a business.

Prior to trial, Appellant filed a motion to suppress evidence. In his motion to suppress, Appellant argued that the warrants failed to describe items subject to search with adequate particularity and that the judges who signed the warrants did not have the authority to do so

because they were not attorneys. The trial court denied the motion to suppress following a hearing.

Appellant pleaded not guilty at trial. All three men were tried together. The jury found Appellant guilty of the three charged instances of engaging in organized criminal activity. On each count, the jury assessed punishment at imprisonment for ten years and suspended that sentence for a period of ten years. This appeal followed.

**SEARCH WARRANTS**

Appellant argues that the trial court erred in overruling his motion to suppress evidence because the search warrants do not describe the items subject to search with adequate particularity and because the judges who signed the warrants were not authorized to do so.

**Background**

During the investigation, Texas Department of Public Safety agent Richard Fulton observed a truck pull into the Crutchfield residence with a trailer in tow. In the trailer was an ATV and other items. Fulton saw the men at the residence unloading the ATV and other items quickly and in a manner that he thought was suspicious. Shortly thereafter, Fulton obtained the first of three search warrants for the Crutchfield residence. In the affidavit in support of the warrant, he detailed his investigation into stolen property, including the recovery of stolen property at another address in Henderson County. At that other location, he had recovered a stolen car that had mail belonging to Elkon Crutchfield in it and a trailer he believed to be stolen that had a license plate belonging to Elkon Crutchfield on it. In the affidavit, Fulton asked for permission to recover the trailer located at the Crutchfield residence and the ATV. The magistrate signed a warrant authorizing him to search the residence and to bring before the court "the property described in the affidavit, to-wit: A black tandem axle gooseneck dump trailer, unknown make, and other property, vehicles, and vehicle parts stolen during an ongoing scheme of events by Elkon and LaChance Crutchfield."

In the return and inventory on the search warrant, the officer indicated that he seized a Dodge pickup truck, the gooseneck trailer, and two "unidentified blue Yamaha ATV[s]." In the affidavit in support of the second search warrant, Fulton wrote that he observed two power drills at the location when he executed the first search warrant. He determined that those drills were

2

stolen because he observed the name "Jeff Wasson" on one of the drills, and a person with that name had told him that his name was on one of two drills that had been stolen from him in the recent past. Fulton requested permission to recover the drills and "other property stolen during a burglary in Tyler, TX."

The affidavit in support of the third search warrant was written by Kendell Wellman, an investigator with the Henderson County sheriff's office. He requested permission to recover some specific tools as well as "numerous other tools and equipment reported stolen to the Henderson County Sheriff's office by Phoenix fabricators on 03/08/2010, case number C10-12729." A magistrate approved the warrant. Wellman executed the search warrant and recovered a number of items he believed to have been stolen.

## Standard of Review

We review a trial court's ruling on a motion to suppress evidence for an abuse of discretion. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We give almost total deference to the trial court's determination of historical facts and then review de novo the trial court's application of the law to those facts. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). Where the trial court does not make explicit findings of fact, we review the evidence in a light most favorable to the trial court's rulings, and assume the trial court made implicit findings of fact supporting its ruling. *Id*. at 327-28.

## Analysis

The Texas Court of Criminal Appeals has held that intermediate appellate courts are to "review preservation of error on [their] own motion." *See Ford v. State*, 305 S.W.3d 530, 532-33 (Tex. Crim. App. 2009). This is because preservation of issues for appellate review is a systemic requirement on appeal, and an appellate court should not "address the merits of [an] issue" if it "has not been preserved for appeal." *Id.*; *see also Wilson v. State*, 311 S.W.3d 452, 473-74 (Tex. Crim. App. 2010).

A defendant has preserved the issues raised in a pretrial motion to suppress by obtaining a ruling on the motion and need not object when the evidence is introduced at trial. *See Lemons v. State*, 135 S.W.3d 878, 882 (Tex. App.–Houston [1st Dist.] 2004, no pet.) (citing *Moraguez v. State*, 701 S.W.2d 902, 904 (Tex. Crim. App. 1986)). However, the affirmative acceptance of this previously challenged evidence waives any error in the admission of that evidence. *See*

3

*Jones v. State*, 833 S.W.2d 118, 126 (Tex. Crim. App. 1992); *Lemons*, 135 S.W.3d at 882. Affirmative acceptance can be shown by stating that the party has no objection to the evidence when it is offered. *See* ***Swain v. State***, 181 S.W.3d 359, 368 (Tex. Crim. App. 2005) (any error waived when "appellant affirmatively stated that he had no objections"); ***Moody v. State***, 827 S.W.2d 875, 889 (Tex. Crim. App. 1992) (appellant's response during trial that he had "no objection" waived claim of inadmissibility of challenged evidence that had been subject of suppression hearing).

There is not a tight fit between the evidence recovered during the various search warrants and the evidence offered at trial. Some of the evidence offered at trial was not recovered pursuant to search warrants. For example, the investigating officer made observations from the roadway while he was surveilling the Crutchfield house. And some of the evidence that was recovered was not offered. For example, the second search warrant was granted to recover two yellow Dewalt rechargeable drills and "other property stolen during a burglary." Those items were not recovered, but Fulton wrote in the search warrant return that several plants and a bag of potting soil were recovered. Fulton testified at the pretrial motion to suppress that those items were seized by officers conducting a different investigation. No other rationale was offered for the seizure of the plants and soil, but the State did not seek to admit that evidence at trial.

However, Appellant[1] affirmatively stated that he had no objection to the admission of almost all the evidence that was offered in this case. Specifically, Appellant, or his counsel, stated that he had no objection or said "no" or "none" in response to the question of whether there was an objection to almost every one of the forty-five exhibits. Appellant objected to or at least did not affirmatively waive a complaint about several of the exhibits. Specifically, exhibit 32 is a photograph of a welding machine. Appellant did not respond when asked for an objection. Exhibit 40 is a photograph of a pump. Appellant did not respond when asked for an objection, although in this instance the trial court may have taken one attorney's statement that there was no objection as being the statement of all three defendants. With respect to exhibit 42, a list of values of items of personal property that had been stolen, Appellant joined an objection that the valuations were inadmissible because they did not take into account the age of the property.

---

[1] Appellant was represented by counsel the first day of trial. He represented himself on the second day of trial.

4

The welding machine was not recovered pursuant to a search warrant. The pump appears to have been recovered pursuant to a search warrant, although it is not clear, but does not appear to be an item Appellant was charged with stealing.[2] The list of property values was not recovered as a result of the search warrant. It is not a list of recovered items, but a list of the items that had been stolen from the complaining witness.

Appellant affirmatively stated that he had no objection to the relevant evidence when it was offered at his trial. Therefore he failed to preserve a complaint about the admissibility of the evidence in this case for appellate review.

Even if Appellant had preserved his pretrial objection, we would uphold the trial court's ruling. Generally, in determining whether a specific warrant meets the particularity requirement, a court must inquire whether an executing officer reading the description in the warrant would reasonably know what items are to be seized. *Porath v. State*, 148 S.W.3d 402, 410 (Tex. App.–Houston [14th Dist.] 2004, no pet.) (citing *United States v. Layne*, 43 F.3d 127, 132 (5th Cir. 1995)); *see also Uresti v. State*, 98 S.W.3d 321, 337 (Tex. App.–Houston [1st Dist.] 2003, no pet.) ("The items to be seized must be described with sufficient particularity such that the executing officer is left with no discretion to decide what may be seized.") (citing *Winkfield v. State*, 792 S.W.2d 727, 731 (Tex. App.–Corpus Christi 1990, pet. ref'd)).

Police officers may seize incriminating evidence found in "plain view" when executing a warrant. *See Zarychta v. State*, 44 S.W.3d 155, 166-67 (Tex. App.–Houston [14th Dist.] 2001, pet. ref'd). For the plain view exception to the warrant requirement to attach, two requirements must be met: (1) the officer must be in a proper position to view the item or lawfully be on the premises; and (2) the fact that the officer has discovered evidence must be immediately apparent. *Id*. (citing *Joseph v. State*, 807 S.W.2d 303, 308 (Tex. Crim. App. 1991)); *Sandefer v. State*, Nos. 12-04-00013-CR, 12-04-00014-CR, 12-04-00015-CR, 12-04-00016-CR, 2005 Tex. App. LEXIS 6301, at *24-25 (Tex. App.–Tyler Aug. 10, 2005, no pet.) (mem. op., not designated for publication) (citing *Bower v. State*, 769 S.W.2d 887, 906 (Tex. Crim. App. 1989)).

When items cannot be described more specifically, a more general description will suffice.

---

[2] The officer speculated that the pump was part of an apparatus housed in a trailer that was used to surreptitiously pump diesel fuel from an underground container. This scheme was not part of the charges for which Appellant was on trial, and it was not clear whether he was involved in any such scheme.

*See **Proctor v. State***, 356 S.W.3d 681, 687-88 (Tex. App.–Eastland 2011, pet. ref'd). The problem in this case is that the items could have been described more specifically. In fact, it appears that they were described more specifically in the police reports referenced in the affidavits. Those reports, however, were not presented to the magistrate. Nevertheless, based on the reasoning in ***Bower***, we hold that the officers were permitted to seize additional evidence of a crime while serving the search warrants. The items they recovered were not mere evidence. Each item recovered was something the officers believed was a stolen item, and the officers had a lawful right to be where they were when they observed those items.

We overrule Appellant's first issue.

In his second issue, Appellant argues that the magistrates did not have the authority to issue the search warrants used to search his property. All magistrates may issue search warrants, but a magistrate must be an attorney to issue a search warrant for "evidence of an offense or constituting evidence tending to show that a particular person committed an offense." *See* TEX. CODE CRIM. PROC. ANN. arts. 18.01(c), 18.02(10) (West 2005 & Supp. 2012). A warrant issued pursuant to Article 18.02(10) is broader than a warrant issued simply to collect a piece of stolen property or an illegal drug. *See* TEX. CODE CRIM. PROC. ANN. art. 18.02(1), (7).

Appellant argues that the warrants issued in this case are Article 18.02(10) warrants. Because the magistrates are not attorneys, Appellant asserts that they lacked the authority to issue the warrants. Indeed, the warrants, though not the affidavits, are captioned "Article 18.02(10), Texas Code of Criminal Procedure."

However, the caption of the warrant does not determine what kind of warrant has been issued. When considering a similar case, the Thirteenth Court of Appeals held that the substance of the warrant, not the caption, dictated whether a warrant was an evidentiary or Article 18.02(10) warrant. *See **State v. Acosta***, 99 S.W.3d 301, 305 (Tex. App.–Corpus Christi 2003, pet. ref'd). In ***Acosta***, both the search warrant application and the warrant itself were captioned "Article 18.02(10)." ***Id***. at 302. Nevertheless, after reviewing the search warrant affidavit and the search warrant itself, the court reversed the trial court's ruling suppressing the evidence, holding that the search warrant was for the recovery of cocaine and a magistrate who was not a licensed attorney could issue a search warrant for illegal drugs. ***Id***. at 305.

We agree with the reasoning in the ***Acosta*** decision. Therefore, we hold that the search

6

warrant in this case was granted pursuant to Article 18.02(1) for the recovery of stolen property and could be lawfully granted by a magistrate not licensed to practice law. The items sought by the police and authorized by the magistrate were items of stolen property and the magistrate did not authorize the collection of Article 18.02(10) evidence. Accordingly, the trial court did not err in overruling Appellant's motion to suppress on the grounds that the magistrates lacked authority to issue warrants. We overrule Appellant's second issue.

## DISPOSITION

Having overruled Appellant's first and second issues, we *affirm* the judgment of the trial court.

**BRIAN HOYLE**
Justice

Opinion delivered February 28, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

7



# COURT OF APPEALS
# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS
# JUDGMENT

## FEBRUARY 28, 2013

## NO. 12-11-00152-CR

## KEITH ALLEN WASHINGTON,
Appellant
V.
## THE STATE OF TEXAS,
Appellee

---

Appeal from the 173rd Judicial District Court

of Henderson County, Texas. (Tr.Ct.No. B-18,186C)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*