Claudis Dean CARRINGTON,
Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. A14–82–366CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 31, 1983.

Robert E. Hoskins, Galveston, for appellant.

Jim James, Galveston, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

J. CURTISS BROWN, Chief Justice.

Appeal is taken from a conviction for possession of a controlled substance.

Claudis Dean Carrington, Jr. (Carrington or appellant) was charged with possession of a controlled substance, to wit: hydromorphone. Carrington entered a plea of guilty to the charge, reserving his right to appeal the trial court's ruling on his motion to suppress the evidence. Punishment was assessed at three years imprisonment. Carrington charges the evidence against him was illegally seized. We affirm.

On the night of October 4, 1981, a man entered "Zackies" convenience store in Texas City, took two sacks of money which were lying on the counter, and ran out of the store. Appellant became a suspect in the case and, the next day, a warrant was issued to search his apartment for money, checks payable to "Zackies", and certain items of clothing worn by the thief. The search warrant was executed later that day. While searching appellant's apartment, Of-

ficer Fleming (Fleming) opened a round, metal container situated on the bar between the kitchen and the living room. Inside the container he found an aspirin bottle. Fleming opened the bottle and found several orange pills, some blue pills, and a piece of aluminum foil. The contents of the bottle were seized and it was later determined that the orange pill contained hydromorphone. At the suppression hearing, Fleming testified he opened the metal container and the aspirin bottle because he thought they might contain cash or checks taken from "Zackies."

In his sole ground of error, appellant contends a separate warrant to search the aspirin bottle was required. Specifically, he argues the contents of the bottle were illegally seized because they were not in "plain view."

An officer may seize contraband which is in "plain view" provided he is lawfully in a position to view the substance and it is immediately apparent to him that the substance is contraband. *Howard v. State,* 599 S.W.2d 597 (Tex.Cr.App.1979). Fleming was on appellant's premises under a lawful warrant to search for certain listed items. Evidence at the suppression hearing showed that an aspirin bottle similar in size to the one opened by Fleming was capable of containing folded money and/or checks. Fleming also testified he had earlier found money in a box in appellant's kitchen cabinet. We find this evidence sufficient to show that Fleming had reason to believe he might find money or checks hidden in the bottle. Therefore, Fleming was lawfully in a position to open the bottle and view its contents.

Once the bottle was opened, its contents were in plain view and were subject to seizure if Fleming knew or suspected they were contraband. *See Nicholas v. State,* 502 S.W.2d 169 (Tex.Cr.App.1973) (seizure of film negatives in plain view was illegal because there was no evidence the officers knew or suspected the negatives, at the time they were seized, were related to an offense). Fleming testified he suspected the pills he saw in the bottle were contra-

band. His testimony is supported by evidence showing that the only items inside the metal container were some cigarette papers, some marijuana seeds, and the aspirin bottle. We find this evidence sufficient to show it was "immediately apparent" to Fleming that the bottle's contents were contraband.

Appellant relies on *Robbins v. California,* 453 U.S. 420, 101 S.Ct. 2841, 69 L.Ed.2d 744 (1981). *Robbins* involved a warrantless search of an automobile. The case at bar involves the search of a premises under a warrant issued by a magistrate. We therefore do not believe *Robbins* to be controlling. Appellant's sole ground of error is overruled.

The judgment of the trial court is affirmed.