The STATE of Texas, Appellant.

v.

Reed Jennings YOUNG, Appellee.

Nos. 2–99–077–CR, 2–99–078–CR.

Court of Appeals of Texas,
Fort Worth.

Dec. 2, 1999.

Tim Curry, Criminal Dist. Atty., Charles Mallin, Asst. Criminal Dist. Atty., Chief of Appellate Section, Debra Ann Windsor, Shaw Paschall, Asst. Criminal Dist. Attys., Fort Worth, for appellant.

Donald D. Feare, Fort Worth, for appellee.

Panel B: DAY, LIVINGSTON, and HOLMAN, JJ.

## OPINION

TERRIE LIVINGSTON, Justice.

### Introduction

The police searched appellee Reed Jennings Young's apartment pursuant to a warrant authorizing the seizure of "evidence to wit: 1. Keltec 9mm pistol or any other 9mm pistols." Although the police found no gun, they found and seized certain other 9mm items and the State attempted to use that evidence in its prosecution of appellee for the misdemeanor offenses of criminal mischief and making a false report to police. Appellee moved to suppress, arguing that because the warrant was on its face evidentiary in nature, the police had no authority to seize evi-

dence not specifically identified in the warrant. The trial court agreed and suppressed the evidence.

The State appeals, arguing that (1) despite the language used in the warrant, it was not an evidentiary warrant, (2) the police were therefore not limited to the specific items listed in the warrant, and (3) even if it was an evidentiary warrant, the police properly seized the items under the plain view doctrine. Because we hold the warrant was not an evidentiary warrant, and the police had the authority to seize other related items lying in plain view, we sustain the State's first two points. We therefore reverse and remand the cases for trial on the merits.

### Factual Background

Appellee worked as the chief cruelty investigator for the Humane Society of North Texas. Twice he reported to police that someone had shot at him, damaging his truck. After appellee's second report, Detective T.J. Saye investigated, retrieving among other things a 9mm shell casing that had allegedly been found on top of appellee's desk. Ultimately, Detective Saye concluded, and later testified, that the results of the investigation conflicted with appellee's rendition of the incidents. After concluding that appellee's story was unfounded, Detective Saye interviewed appellee.

Detective Saye contended that at the interview appellee orally confessed to shooting his own truck with his 9mm Keltec automatic pistol that was in a dresser drawer at appellee's apartment. Appellee denied making such a confession. Nonetheless, based on the alleged confession, Detective Saye drafted and signed an affidavit to obtain a warrant to search appellee's apartment for the gun.

Although he did not find the 9mm Keltec pistol, Detective Saye found and seized the following items lying in plain view[1] in appellee's apartment:

1. One black plastic gun case inscribed with Keltec 9mm luger pistol case serial # 02048.

2. One black metal Keltec 9mm magazine containing 7 live rounds FC 9mm luger ammo.

3. Eight FC brass 9mm luger spent casings.

4. One brass SR luger spent casing.

5. Two magazines to glock 9mm with 8 live rounds in the 1st magazine and 9 live rounds in the 2nd.

6. One holster for small 9mm brown leather.

7. Fifteen live 9mm rounds in clear plastic baggie.

8. 8 FC 9mm rounds in federal ammo box.

9. Thirty misc 9mm cartridges live.

### Standard of Review

■■■ Generally, a trial court's ruling on a motion to suppress is reviewed by an abuse of discretion standard. *See Oles v. State*, 993 S.W.2d 103, 106 (Tex.Crim.App. 1999); *Maddox v. State*, 682 S.W.2d 563, 564 (Tex.Crim.App.1985). However, we conduct a de novo review when the trial court is not in an appreciably better position to decide the issue than we are. *See Miller v. Fenton*, 474 U.S. 104, 114–15, 106 S.Ct. 445, 451–52, 88 L.Ed.2d 405 (1985); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim.App.1997). In other words, we review de novo "mixed questions of law and fact" that do not turn on a witness's credibility and demeanor. *See Guzman*, 955 S.W.2d at 89. A question "turns" on an evaluation of credibility and demeanor when the testimony of a witness, if believed, is always enough to add up to what is needed to decide the substantive issue. *See Loserth v. State*, 963 S.W.2d 770, 773 (Tex.Crim.App.1998).

■■■ Although Detective Saye testified as to what he intended to seize, the classification of the warrant and the propriety of

---

1. During submission the parties agreed that the seized items were in plain view.

**698**

the resulting search and seizure are legal determinations. The issues in this case do not "turn" on Detective Saye's testimony; therefore, we review them de novo.

## Discussion

### Classifying the Search Warrant

Texas Code of Criminal Procedure article 18.02 authorizes the issuance of search warrants for: "(9) implements or instruments used in the commission of a crime; [and] (10) property or items, except the personal writings by the accused, constituting evidence of an offense or constituting evidence tending to show that a particular person committed an offense." TEX. CODE CRIM. PROC. ANN. art. 18.02 (Vernon Supp.2000).

Article 18.01(d) then places a limitation upon items properly seized under 18.02(10), stating "[o]nly the specifically described property or items set forth in a search warrant issued under Subdivision (10) of Article 18.02 of this code ... may be seized." TEX.CODE CRIM. PROC. ANN. art. 18.01(d) (Vernon Supp.2000); see also Scoggan v. State, 736 S.W.2d 239, 244 (Tex.App.—Corpus Christi 1987) ("when a search warrant is issued pursuant to art. 18.02(10), only the items specified may be seized"), rev'd on other grounds, 799 S.W.2d 679 (Tex.Crim.App.1990).

■ Appellee contends that the warrant in this case was a "mere evidentiary" warrant governed by article 18.02(10), and not a warrant for an implement or instrument of a crime under article 18.02(9). As such, appellee argues the warrant did not authorize the seizure of the unspecified items because the warrant did not specifically identify them. The trial court suppressed the seized items, stating that "the statute 18.01(d) plainly limits what can be ceased [sic] under 18.02(10)." However, we disagree with the trial court's classification of the warrant under 18.02(10) for the following reasons.

Admittedly, the police were searching for evidence. The affidavit and warrant seek and provide authorization to search for stolen property and/or evidence, namely "evidence, to wit: 1. Keltec 9mm pistol or any other 9mm pistols." Further, on both the affidavit and the warrant, Detective Saye scratched out the typed words "stolen property" as the object of the search, wrote in the word "evidence," and initialed the changes.

However, the documents also reflect an intent to search for an instrument of the crime. For instance, Detective Saye stated in the affidavit that he believed appellee possessed "evidence to wit: a 9mm pistol used in the offenses." [Emphasis added.] Detective Saye also stated in his affidavit "[t]hat [appellee] admitted to shooting the Humane Society Vehicle with a Keltec 9mm that he had at his residence in his dresser." [Emphasis added.] Finally, Detective Saye sought the warrant "to obtain any and all 9mm weapons, for comparison analysis with the physical evidence located at the scene of each offense."

■ Appellee contends Detective Saye testified at the suppression hearing that the warrant was an evidentiary warrant. Because the classification of a warrant is an issue of law for the courts to decide, we do not believe Detective Saye's characterization of the warrant is evidence of the type of warrant issued. We do note, however, that Detective Saye also opined on cross-examination that the 9mm pistol was an instrument of the charged offense.

As this court has observed before, article 18.02(10) is a catch-all section that applies only when the other articles do not. See Lindley v. State, 736 S.W.2d 267, 275 (Tex.App.—Fort Worth 1987, pet. ref'd, untimely filed) ("section 10 is reserved for evidentiary items which do not fit any of the categories included in the first nine sections"). Because the Keltec gun was alleged to be the instrument of the crime and because the affidavit sought to retrieve this gun, we hold that the warrant was properly issued under 18.02(9).

## Seizure of Plain View Evidence Under Article 18.02(9)

 There is no contention that the items seized from appellee's apartment were anything but "plain view evidence." "Plain view evidence" is evidence connected with a crime that does not consist of fruits, instrumentalities, or contraband. *Joseph v. State*, 807 S.W.2d 303, 307 (Tex. Crim.App.1991).

 We note that other courts have referred to this type of evidence as "mere evidence." However, we believe this characterization has created some confusion. We use the phrase "mere evidence" to refer only to those items sought and described in a warrant issued under article 18.02(10). *Reeves v. State*, 969 S.W.2d 471, 482 (Tex.App.—Waco 1998, pet. ref'd) (referring to article 18.02(10) as the "mere evidence" provision). Hence, while "plain view" evidence may be properly seized with respect to searches authorized by warrants issued under subsections (1) through (9) and (12) of article 18.02, "mere evidence," i.e. evidence discovered during a search authorized by a warrant issued under subsection (10), must be specifically described in that warrant as required by 18.01(d).

We recognize that at least one Texas court has read the language of 18.01(d) to preclude application of the plain view doctrine to 18.02(9) searches. *See Reeves*, 969 S.W.2d at 485 ("Our reading of Article 18.01(d) would limit the seizure of 'mere evidence' [and plain view evidence] both when the initial warrant was issued under Article 18.02(10) and when it was issued to seize items falling within subdivisions (1) through (9)."). After noting this language, however, the *Reeves* court declined to follow it, citing Court of Criminal Appeals'

precedent that "['plain view] evidence' can be properly seized ... when it is not specifically mentioned in the warrant." *Id.* at 484 (citing *Joseph*, 807 S.W.2d at 307–09; *Bower v. State*, 769 S.W.2d 887, 906 (Tex. Crim.App.), *cert. denied*, 492 U.S. 927, 109 S.Ct. 3266, 106 L.Ed.2d 611 (1989)). Because the Court of Criminal Appeals has so held, we also continue to apply the plain view doctrine at least to searches authorized by warrants issued under subsections (1) through (9) and (12).[2]

In this regard, the Court of Criminal Appeals has held that officers may seize plain view evidence when the objects discovered and seized are reasonably related to the offense under investigation and the discovery is made in the course of a good faith search conducted within the parameters of a valid search warrant. *See Joseph*, 807 S.W.2d at 307; *Bower*, 769 S.W.2d at 906. This is merely a restatement of the plain view doctrine itself.

 Traditionally, the plain view doctrine permits the seizure of evidence only if: (1) the officer was in a proper position to view the evidence or was lawfully present on the premises; and (2) the fact that the officer has discovered evidence must be immediately apparent. *See Joseph*, 807 S.W.2d at 308.

 There has been no allegation that the officers were unlawfully present in appellee's apartment. The question is whether the seized items were reasonably related to the offenses for which appellee was charged, or in other words, whether it was immediately apparent to Detective Saye when he saw the items that they constituted evidence. Officers do not have to "know" that the items are incriminating. *See Texas v. Brown*, 460 U.S. 730, 742, 103 S.Ct. 1535, 1543, 75 L.Ed.2d 502 (1983).

2. Despite what *Reeves* seems to suggest, neither *Bower* nor *Joseph* dealt with a "mere evidence" warrant. In *Bower*, the warrant authorized the seizure of stolen property (18.02(1)) and instrumentalities of the crime (18.02(9)). *Bower*, 769 S.W.2d at 904. And the warrant in *Joseph* was issued pursuant to article 18.02(7). *Joseph*, 807 S.W.2d at 307. Hence, those cases, like ours, reviewed items constituting "plain view evidence" rather than "mere evidence." In both cases the court found the plain view doctrine applicable to these searches.

Rather, the facts available to the officer must merely suffice to enable a reasonable person to believe the items observed may be useful as evidence of a crime. *See id.*

 Here, the warrant authorized the seizure of 9mm pistols. All of the items seized can be classified either as ammunition for, or as a component or accessory of, a 9mm pistol. Hence, it was reasonable for Detective Saye to conclude that the seized items had a relationship to the crimes being investigated and that they might be useful as evidence of who committed the crimes.

### Conclusion

We hold that because the items seized pursuant to a valid 18.02(9) warrant were reasonably related to the crimes under investigation, those items were properly seized under the plain view doctrine. We therefore sustain the State's first and second points. Because of our ruling on the State's first two points, we do not reach its third argument—that article 18.01(d) does not restrict or abrogate the plain view doctrine, but only limits the items that may be seized under the authority of a warrant. Accordingly, we reverse the trial court's order granting the motions to suppress and remand the cases for trial on the merits.