NUMBER 13-01-783-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 



 

THE STATE OF TEXAS,                                                         Appellant,

 

                                                   v.

 

JULIAN MALDONADO,                                                           Appellee.

 

 



                         On appeal from the 36th District Court

                               of San Patricio County, Texas.

 



 

                          MEMORANDUM OPINION

 

        Before Chief Justice Valdez
and Justices Dorsey and Rodriguez

                                  Opinion by
Justice Dorsey



 








The State appeals the granting of appellee Julian Maldonado=s motion to suppress
evidence seized pursuant to a search warrant. 
By one issue, the State complains that the trial court erred in finding
the search warrant void and that the seizure was unlawful.   We reverse and remand. 

Appellee argues that because the caption found under the heading for
the search warrant reads AArticle 18.02(10),
Texas Code of Criminal Procedure,@[1] the justice of the
peace, who does not have a license to practice law, could not have authorized
the search warrant.  A[O]nly a judge of a
municipal court of record or county court who is an attorney licensed by the
State of Texas . . . may issue warrants pursuant to Subdivision (10), Article
18.02 of this code.@  Tex. Code Crim. Proc Ann. art 18.01(c)
(Vernon Supp. 2003). 








The body of the search warrant, as well as the accompanying affidavit,
authorized a search and for seizure of cocaine. 
See Mason v. State, 838 S.W.2d 657, 660 (Tex. App.BCorpus Christi 1992,
pet. ref=d) (AWe read the affidavit
and warrant together and interpret them in a common sense and realistic
fashion.@).  The warrant was for the search and seizure of
Adrugs kept, prepared,
or manufactured in violation of the law of this state.@  Tex. Code Crim. Proc Ann. art 18.02(7)
(Vernon Supp. 2003). 
Article 18.01(a) allows a justice of the peace who is not a lawyer to
issue a search warrant for illegal drugs. 
Tex. Code Crim. Proc Ann.
art 18.01(a) (Vernon Supp. 2003); Chavez v. State, 769 S.W.2d 284, 286
(Tex. App.BHouston [1st Dist.]
1989, pet. ref=d.); see Wall v.
State, 878 S.W.2d 686, 688-89 (Tex. App.BCorpus Christi 1994, pet. ref=d).  Accordingly, Justice of the Peace Simpson has
authority to issue such a warrant.  That
the warrant was titled under an inapplicable section of the Code of Criminal
Procedure is not controlling.  The trial
court erred in granting the motion to suppress and ruling the evidence
inadmissible.  Issue one is sustained.

We reverse the trial court=s order and remand the
case for further proceedings consistent with this opinion. 

 

 

 

______________________________

J.
BONNER DORSEY,

Justice

 

Do not
publish.

Tex.
R. App. P. 47.3(b).

 

Opinion delivered and
filed

this 19th day of December,
2002.











[1]
This type of warrant authorizes the search and seizure of Amere
evidence.@  State v. Young, 8 S.W.3d 695, 699
(Tex. App.BFort
Worth 1999, no pet.).