**STATE of Texas, Appellant,**

v.

**Debra Juarez GONZALES, Appellee.**

**No. 11–03–00179–CR.**

Court of Appeals of Texas,
Eastland.

Sept. 30, 2004.

Betty Marshall, Assistant State Prosecuting Attorney, Matthew W. Paul, State Prosecuting Attorney, Austin, James Eidson, District Attorney, Patricia Dyer, Assistant Criminal District Attorney's Office, Abilene, for appellant.

1. *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).

2. Earlier, postal inspectors had obtained a search warrant to inspect the contents of the package. After learning that the package

David W. Thedford, Abilene, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

### Opinion

TERRY McCALL, Justice.

This is an appeal by the State from the trial court's granting of Debra Juarez Gonzales's motion to suppress after a *Franks* hearing.[1] We affirm.

A postal inspector delivered a package—known by officers to contain marihuana[2]—to appellee's home. The "controlled delivery" was made to appellee's 12–year–old daughter who told the inspector that the addressee on the package, Beto Pena, did not live there. Appellee and the child's stepfather were at work when the "delivery" was made; only the 12–year–old and her 7–year–old brother were at home. The inspector left the package with the child, and local law enforcement officers immediately obtained a search warrant to search the home based solely on the "delivery" of the marihuana to "Suspected Parties" at the home. Appellee arrived home within minutes after the "delivery."

Shortly after appellee arrived home, the officers executed the warrant. Appellee had neither opened the package nor exercised any control over it. Police Officer D.D. Gray testified that, when he was explaining why he was there and that he had a search warrant, appellee "immediately pointed to a box underneath the table in the living room" and said that she did not know anything about the box. Officer Gray testified that they found a bag of marihuana under couch cushions in the

contained approximately 12 pounds of marihuana, they resealed the package. The return address on the package was a nonexistent address.

living room. When asked why the officers continued their search after seeing that the box of marihuana had not been opened, Officer Gray said that he believed that they were authorized to do so by the search warrant. The officers found traces of cocaine on a mirror in the bedroom of appellee and her husband; however, Officer Gray said that he could not recall if the "white powder" was in plain view or not but admitted that it was less than one gram.[3] He further testified that he never said that appellee accepted the package, only that she was the adult present when they executed the warrant.[4] Appellee was indicted for possession of less than one gram of cocaine.

At the end of the hearing, the trial court observed that the warrant was for the box of marihuana, that the officers had no knowledge of any drugs in the house except for the box of marihuana, and that the officers could only search for and seize the box. The trial court granted appellee's motion to suppress.

■■■■ In reviewing a trial court's ruling on a motion to suppress, an appellate court must uphold the trial court's ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case. *State v. Steelman*, 93 S.W.3d 102, 107 (Tex.Cr.App.2002); *Romero v. State*, 800 S.W.2d 539, 543–44 (Tex.Cr.App. 1990). We recognize that reviewing courts should grant great deference to the magistrate's finding of probable cause in a search warrant affidavit. *Swearingen v. State*, 143 S.W.3d 808 (Tex.Cr.App., 2004).

If the search warrant was an evidentiary warrant, the trial court was correct that the officers should have terminated their search when Officer Gray saw the unopened box. Under evidentiary warrants issued pursuant to TEX. CODE CRIM. PRO. ANN. art. 18.02(10) (Vernon Supp. 2004–2005), only the specifically described property or items set forth in the search warrant can be seized. TEX. CODE CRIM. PRO. ANN. art. 18.01(d) (Vernon Supp.2004–2005).

We need not decide whether the warrant was an evidentiary warrant or a non-evidentiary warrant under the other provisions of TEX. CODE CRIM. PRO. ANN. art. 18.02 (Vernon 1977 & Supp.2004–2005). The Fourth Amendment to the United States Constitution requires an adequate showing of probable cause for all warrants. U.S. CONST. amend. IV. This mandate is found in TEX. CODE CRIM. PRO. ANN. art. 18.01(b) (Vernon Supp. 2004–2005). We find that there was not an adequate showing of probable cause for the warrant in this case. The postal inspector simply left the box with the 12–year–old child. That was not a sufficient delivery to suspected parties at 5114 Encino Road to establish probable cause.

At the *Franks* hearing, appellee contended that the magistrate was misled by information in the affidavit that the affiant officer knew was false or should have known was false except for his reckless disregard for the truth. The asserted false statement was that there had been a

---

**3.** There is no evidence in the record that the cocaine was in plain view. For a discussion of evidence in connection with the execution of search warrants, *see State v. Young*, 8 S.W.3d 695, 699 (Tex.App.-Fort Worth 1999, no pet'n).

**4.** A later affidavit by Deris Hutcheson, an investigator for the district attorney, support-

ing the arrest warrant stated that Officer Gray had reported that appellee had accepted the package and was the only adult present while the officers executed the search warrant. After Officer Gray denied making any statement concerning appellee's acceptance of the package, there was nothing left in the record to show that appellee had accepted the package.

"delivery" of the package containing marihuana to Beto Pena or suspected persons at the home. Appellee attached the affidavit of her daughter to show that the "delivery" of the 12 pounds of marihuana by the government had been made to a 12–year-old child when no adult was present. Appellee's witnesses at the hearing were her daughter, an investigator for the district attorney, a police officer, the magistrate who signed the warrant, and a postal inspector. After putting on her evidence, appellee argued that, because there was no delivery to appellee or another adult at the home, there was no probable cause for the magistrate to issue the search warrant.

■ In *Franks,* the Supreme Court addressed the issue of using false information in an affidavit that supports a warrant. The Court held that, when an allegation of perjury or reckless disregard is established by the defendant at a suppression hearing by a preponderance of the evidence, the false information must be disregarded. If the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded. *Franks v. Delaware, supra* at 156, 98 S.Ct. 2674; *Cates v. State,* 120 S.W.3d 352, 358–59 (Tex.Cr. App.2003); *Hinojosa v. State,* 4 S.W.3d 240, 246–47 (Tex.Cr.App.1999). At a *Franks* hearing, the trial court is the sole fact finder and judge of the witnesses' credibility and of the weight of the evidence. As such, the trial court is owed great deference, and its ruling will not be disturbed unless it is outside the bounds of reasonable disagreement. *Hinojosa v. State, supra; Janecka v. State,* 937 S.W.2d 456, 462 (Tex.Cr.App.1996), *cert. den'd,* 522 U.S. 825, 118 S.Ct. 86, 139 L.Ed.2d 43 (1997).

The search warrant in this case repeated the following language from the officer's affidavit:

[T]hat on or about the 1st day of August 2002 … one Beto Pena and person or persons unknown by name or description who received the controlled delivery (hereinafter referred to as "Suspected Parties" for purposes of this search warrant) did then and there unlawfully possess and does at this time unlawfully possess a controlled substance, to-wit: Marihuana.

The officer's affidavit further stated that the package was delivered to 5114 Encino Road, Abilene, by the postal inspector.

The child testified that she told the postal inspector that Beto Pena did not live at 5114 Encino Road, that she did not indicate to the inspector that she would accept the box, and that the inspector simply placed the package in her hands with letters addressed to her parents. After telling the inspector that Beto Pena did not live or stay there, the child did finally state to him that a Beto Pena may have lived there before her family moved into the house. The postal inspector admitted that he delivered the box to a young female. There is nothing in the record to show that appellee or any other adult took possession or control of the package or "received" the package addressed to Beto Pena.

There was no delivery to suspected parties at 5114 Encino Road as stated in the officer's affidavit. There was no basis for the officer's statement that the suspected parties possessed the box of marihuana. The delivery to the child was no different than law enforcement officers simply leaving a package containing controlled substances at the door of the home and then claiming that "delivery" as a basis for a warrant to search the home. When we delete the officer's misrepresentation about the delivery to suspected parties at

the home and that the suspected parties possessed the box of marihuana, the affidavit's remaining content is insufficient to establish probable cause for a warrant to search the home. Without facts detailing an actual delivery to a suspected party at 5114 Encino Road—where that party accepted and took control of the package—there is nothing in the affidavit to support a finding of probable cause for the warrant.

For an evidentiary warrant, the affidavit in support of the warrant must set forth facts sufficient to establish probable cause that (1) a specific offense has been committed, (2) specifically described property or items to be searched for and seized constitute evidence of the offense, and (3) the property or items constituting such evidence are located at the particular place to be searched. TEX. CODE CRIM. PRO. ANN. art. 18.01(c) (Vernon Supp.2004–2005). Under the facts of this case, there was no showing of probable cause that a specific offense had been committed.

An argument that there was probable cause for a non-evidentiary warrant issued pursuant to Article 18.02(7) also fails. Article 18.02(7) provided that a warrant could be issued for "drugs kept, prepared, or manufactured in violation of the laws of this state." [5] Without a showing that Beto Pena or the suspected parties received and took possession of the box of marihuana, there was no probable cause showing that drugs were kept at 5114 Encino Road.

Controlled deliveries are used by officers to identify and prosecute people who deal in drugs. The Supreme Court pointed out in *Illinois v. Andreas*, 463 U.S. 765, 769, 103 S.Ct. 3319, 77 L.Ed.2d 1003 (1983), that the lawful discovery by common carriers of contraband in transit presents law enforcement authorities with an opportunity to identify and prosecute the person or persons responsible for the shipment of the contraband. After the discovery, the police may make a so-called controlled delivery of the package to a party at the destination. "The person dealing in the contraband can then be identified upon taking possession of and asserting dominion over the container." *Id.* at 769, 103 S.Ct. 3319. The Court further noted that the mere fact that a party takes possession of the package would not alone establish guilt of illegal possession of the contraband. At trial, the party could offer evidence that the nature of the contents were unknown to the party; the party's awareness of the contents of the package would be an issue for the fact finder. *Id.* at 769 n. 3, 103 S.Ct. 3319.

The postal inspector testified that, if the person at the address refuses to take a package when a controlled delivery is made, he keeps the package and takes it back to his office. Appellee was not given an opportunity to refuse the package in this case. She did tell Officer Gray when he explained about the search warrant that she knew nothing about the unopened box. It would have been a simple matter for the postal inspector to wait until appellee was home before trying to deliver the package of marihuana. The State's issue is overruled.

### *This Court's Ruling*

The judgment of the trial court is affirmed.

---

**5.** Article 18.02(7) was amended effective September 1, 2003.