

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| RUSSELL TERRY McELVAIN, | § | No. 08-11-00170-CR |
| Appellant, | § | Appeal from the |
| v. | § | Criminal District Court Number Two |
| THE STATE OF TEXAS, | § | of Tarrant County, Texas |
| Appellee. | § | (TC# 1227000D) |
| | § | |

## **O P I N I O N**

A jury found Appellant, Russell Terry McElvain, guilty of continuous sexual abuse of a child under the age of 14 years, and sentenced him to ninety-nine years' confinement.[1]   Appellant raises four issues on appeal.   However, in his reply brief, Appellant concedes that Issue Three is without merit and has expressly waived that issue.   We therefore limit our review to Issues One, Two, and Four.   Appellant seeks reversal of his conviction based upon alleged trial court error and a purported unconstitutional statute.   We affirm the judgment below.

In Issue One, Appellant contends the trial court erred in denying his motion to suppress a subsequent search warrant because it was issued by a municipal judge.   We disagree.

---

[1]   As this case was transferred from our sister court in Fort Worth, we decide it in accordance with the precedent of that court. TEX. R. APP. P. 41.3.

*Standard of Review*

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard. *See Amador v. State*, 221 S.W.3d 666, 673 (Tex.Crim.App. 2007). We afford almost total deference to the trial court's rulings on questions of historical fact and application of law to fact questions that turn on an evaluation of credibility and demeanor. *Id.* We review *de novo* application of law to fact questions that do not turn on an evaluation of credibility or demeanor. *Id.*

*Analysis*

Article 18.02 of the Texas Code of Criminal Procedure enumerates the grounds for which a search warrant may be issued to search for and seize property or items identified within the specified ground. TEX. CODE CRIM. PROC. ANN. art. 18.02 (West 2005). Grounds 8, 9, and 10 of Article 18.02 are relevant to our resolution of Issue One. Ground 8 permits a search warrant to be issued to search for and seize "any property the possession of which is prohibited by law." TEX. CODE CRIM. PROC. ANN. art. 18.02(8). Under Ground 9, a search warrant may issue for the search and seizure of implements or instruments used in the commission of a crime. TEX. CODE CRIM. PROC. ANN. art. 18.02(9). A search warrant may issue under Ground 10 to search for and seize "property or items, except the personal writings by the accused, constituting evidence of an offense or constituting evidence tending to show that a particular person committed an offense." TEX. CODE CRIM. PROC. ANN. art. 18.02(10).

Article 18.01 defines the term "search warrant," sets forth the requirements and restrictions for the issuance thereof, and identifies who may issue the warrant, which includes a municipal court judge. TEX. CODE CRIM. PROC. ANN. art. 18.01(a)-(j) (West 2005). When a subsequent

2

search warrant for items specified in Ground 10 is sought, the warrant may be issued only by a district court judge, a court of appeals, the Court of Criminal Appeals, or the Texas Supreme Court. TEX. CODE CRIM. PROC. ANN. art. 18.01(a), (c)-(d). Article 18.01 imposes no similar restriction for subsequent search warrants issued for items or property set forth in Grounds 8 and 9. *See* TEX. CODE CRIM. PROC. ANN. art. 18.01(a)-(j).

On October 19, 2009, a Haltom City judge issued a search warrant authorizing a search for and seizure of items or property set forth in Grounds 1-9 of Article 18.02. TEX. CODE CRIM. PROC. ANN. art. 18.02(1)-(9). As a result of the search conducted upon execution of that warrant, a return was made identifying the items seized, which included items set forth in Grounds 8 and 9 of article 18.02. TEX. CODE CRIM. PROC. ANN. art. 18.02(8)-(9). A subsequent search warrant was requested and, again, the Haltom City judge, as permitted, issued a warrant permitting the search for and seizure of items or property described in Grounds 1 through 9. TEX. CODE CRIM. PROC. ANN. arts. 18.01(c), 18.02(1)-(9).

Appellant asserts that the trial court erred in failing to grant his motion to "suppress the second search based on the second warrant" because article 18.02(10) does not permit a municipal court judge to issue a subsequent search warrant. However, the complained-of warrant was not issued based on Ground 10 but, rather, on Grounds 1-9 as set out in article 18.02, and as described on the face of the warrant. The subsequent warrant authorized the search for and seizure of child pornography, the possession of which is prohibited by law and, under Ground 8, is a ground for issuance of a search warrant. *See* TEX. PENAL CODE ANN. § 43.26 (West 2011); TEX. CODE CRIM. PROC. ANN. art. 18.02(8)-(9). The subsequent search warrant also permitted the search for and seizure of computers, printers, and electronic storage media, which are recognized as implements

3

or instruments used in the commission of the crime of possessing child pornography, and for which, under Ground 9, a search warrant may be issued. *See* TEX. PENAL CODE ANN. § 43.26; TEX. CODE CRIM. PROC. ANN. art. 18.02(8)-(9). The subsequent search warrant did not extend to items enumerated under Ground 10 and was properly issued by the municipal judge. *See State v. Young*, 8 S.W.3d 695, 698 (Tex.App. – Fort Worth 1999, no pet.) (classification of a warrant is an issue of law to be determined by the courts). Because the trial court did not err in denying Appellant's motion to suppress, Issue One is overruled.

In his second issue, Appellant contends the trial court erred when it denied Appellant's motion to suppress his confession because it was purportedly induced by a promise of no additional charges being brought and "no more trouble." *See Martinez v. State*, 127 S.W.3d 792, 794 (Tex.Crim.App. 2004) ("[F]or a promise to render a confession invalid under Article 38.21 [of the Texas Code of Criminal Procedure], the promise must be positive, made or sanctioned by someone in authority, and of such an influential nature that it would cause a defendant to speak untruthfully."). Appellant contends that Detective Jose Trevino, in an effort to locate photographs of the victim that had not been found during the first search, which the victim had said existed, promised Appellant that he "wouldn't get in any more trouble or get any more charges," if Appellant stated where the photographs could be found. Appellant complains that he was thereafter charged with continuous sexual abuse of a child after he disclosed to Detective Trevino the location of media containing images, videos, and photos.

The State counters that Appellant has waived this complaint. We agree. To present a complaint for review, a party must have presented to the trial court a timely request, objection, or motion and state the specific grounds for the desired ruling if they are not apparent from the

4

context of the request, objection, or motion. TEX. R. APP. P. 33.1(a)(1). A complaint on appeal must comport with the complaint raised at trial. *See Heidelberg v. State*, 144 S.W.3d 535, 537 (Tex.Crim.App. 2004); *Martinez v. State*, 22 S.W.3d 504, 507 (Tex.Crim.App. 2000).

In his motion to suppress, Appellant complained of: (1) illegal detention, search and seizure; (2) illegal custodial interrogation; and (3) denial of counsel. Appellant specifically complained therein that his statements were made as a result of illegal custodial interrogation, without proper warning, and without Appellant's knowing, intelligent, and affirmative waiver of his rights to remain silent and to counsel. Appellant also asserted in the motion that his statements to police were elicited through illegal police interrogation after he had requested the assistance of counsel. Absent from the motion to suppress is any complaint that Appellant's confession was involuntarily made because it was improperly induced.

At the suppression hearing, in addition to other testimony offered on grounds raised in the motion to suppress, Detective Trevino testified that he did not promise anything to Appellant if he would admit his guilt. After Appellant had admitted his guilt, Detective Trevino asked Appellant to think about telling him where the photographs of the victim were located so they would not ruin the victim's life in the future. Appellant thereafter told Detective Trevino where he could find pornographic images of the victim. At the close of the hearing, the State noted that Appellant had not argued about the "additional charges" issue and clarified that no additional charges had been brought. Appellant did not raise an objection or present a motion or argument in which he specified as a ground for suppression Appellant's allegedly improperly-induced confession, nor did he object on this basis when Appellant's recorded statement to Detective Trevino was admitted into evidence. Because the issue on appeal does not comport with the complaint in the trial court,

5

Appellant has waived his second issue.   Issue Two is overruled.

In Issue Four, Appellant complains that Section 21.02 of the Texas Penal Code (Continuous Sexual Abuse of Young Child or Children), under which Appellant was convicted, violates Appellant's right to a unanimous jury verdict under Article V, section 13 of the Texas Constitution because it fails to require that jurors agree on the underlying offenses a defendant has committed.[2]   TEX. CONST. art. V, § 13; TEX. PENAL CODE ANN. § 21.02 (West Supp. 2012); *see Jefferson v. State*, 189 S.W.3d 305, 311 (Tex.Crim.App. 2006).   A number of courts of appeals have rejected Appellant's contention and have determined that section 21.02 does not violate the Texas constitutional right to a unanimous jury verdict.[3]   *See Jefferson*, 189 S.W.3d at 311; *Kennedy v. State*, 385 S.W.3d 729, 731-32 (Tex.App. – Amarillo 2012, pet. ref'd), *citing Martin v. State*, 335 S.W.3d 867, 872-73 (Tex.App. – Austin 2011, pet. ref'd) and *Jacobsen v. State*, 325 S.W.3d 733, 739 (Tex.App. – Austin 2010, no pet.); *Casey v. State*, 349 S.W.3d 825, 827-30 (Tex.App. – El Paso 2011, pet. ref'd); *Render v. State*, 316 S.W.3d 846, 857-58 (Tex.App. – Dallas 2010, pet. ref'd), *cert. denied*, 131 S.Ct. 1533 (2011); *Reckart v. State*, 323 S.W.3d 588, 600-01 (Tex.App. – Corpus Christi 2010, pet. ref'd).   The law on this issue is well-settled, and we decline to evaluate it further.   Moreover, in his reply brief, Appellant acknowledges the holdings of *Casey* and *Jacobsen* but explains that he persists in asserting the issue for the purpose of preserving it for further appellate review.   *Casey*, 349 S.W.3d at 827-30; *Jacobsen*, 325 S.W.3d at 739.   Issue Four is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

---

[2] Appellant raised this complaint in his motion to quash the indictment.
[3] The opinions issued by our sister court in Fort Worth are unpublished.

GUADALUPE RIVERA, Justice

July 10, 2013

Before McClure, C.J., Rivera, and Antcliff, JJ.
Antcliff, J., not participating

(Do Not Publish)