

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-17-00126-CR

CURLEY HAWTHORNE JEFFERSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 276th District Court
Marion County, Texas
Trial Court No. F14669

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

When Richard Nixon confessed to deputies of the Marion County Sheriff's Department that he had committed a burglary, he also told them he had traded certain of the stolen items to Curley Hawthorne Jefferson for crack cocaine. Law enforcement officers obtained and executed a search warrant for the stolen items at Jefferson's residence, but in the process discovered and seized apparent cocaine, for which Jefferson was charged. Consequently, a Marion County jury convicted Jefferson of possession of a controlled substance (cocaine) in an amount of one gram or more, but less than four grams,[1] and assessed him twenty years' imprisonment and a $2,000.00 fine.

On appeal, Jefferson asserts that the trial court erred in admitting into evidence the cocaine seized during the search and in improperly instructing the jury on the plain-view doctrine. We affirm the judgment of the trial court, because we find (1) there was no error in admitting evidence of the cocaine and (2) the plain-view jury instruction was not erroneous.

## (1)    There Was No Error in Admitting Evidence of the Cocaine

Recounting the principal background of this case will aid in the understanding of Jefferson's complaint about the admission of the evidence of the cocaine. During an investigation of a burglary of Bucks N Ducks Hunting Club (Bucks N Ducks), Nixon confessed to the burglary to Investigator David Capps of the Marion County Sheriff's Department and told him that he had stolen a generator, a lawn mower, a propane cooker, and a wheel barrow in the burglary and had traded the stolen items to Jefferson for cocaine. Based on this information, Sheriff David

---

[1]*See* TEX. HEALTH & SAFETY CODE ANN. § 481.102(3)(D) (West Supp. 2017), § 481.115(c), (d) (West 2017).

McKnight prepared an affidavit in support of a search warrant, which alleged, *inter alia¸* that Jefferson was in control of a certain mobile home and other buildings, and that:

> [Jefferson] has possession of and is concealing at said suspected place in violation of the laws of the State of Texas the following property: **Articles stolen from [Bucks N Ducks],** which may include 1. CPE 1000 Watt Inverter/Generator, Red in color 2. Toro 22" Recycler Model Lawn Mower, Red/Black in color 3. Propane Powered Cooker 4. Wheelbarrow, and other items reported stolen in [the Bucks N Ducks] Burglary.

A search warrant was issued in accordance with the affidavit for the search of the premises stated in the affidavit and naming the four items specified in the affidavit, as well as "other items reported stolen in [the Bucks N Ducks] Burglary."

Sheriff McKnight, his deputies, Capps, Jason Rippey, Michael Williams, Frank Cason, and Alisha Riehl, and Game Warden Robb Furlow executed the search warrant. Four officers entered the residence initially to secure the residence and ensure that there was nobody in the residence with weapons. During the course of securing the residence, in the bedroom from which they removed Jefferson, officers testified that they saw a tray on a shelf in Jefferson's bedroom that contained a plastic baggie containing white powder and a plastic baggie that contained white chunks. The officers all testified that the baggies with the white substances were clearly visible without moving the tray and that they suspected the white substances were crack cocaine. In addition, Furlow testified that Jefferson was initially found in a bathroom, the toilet in which had just been flushed and in which was seen in open view a plastic baggie containing a white powdery substance. The three baggies containing suspected cocaine were seized that day along with the items specified in the search warrant. Only the contents of the baggie containing the white chunks was analyzed, which was determined to be 1.55 grams of cocaine.

3

In a pretrial hearing, in the face of Jefferson's objection to the admission of this evidence, the trial court ruled that it was admissible. After the State rested its case, Jefferson again asserted the inadmissibility of the evidence in a motion for instructed verdict, which was denied.

Jefferson complains that the trial court erroneously admitted evidence of the cocaine seized during the execution of a search warrant directed at stolen items. Jefferson argues that the cocaine was located in a place where the items specified in the search warrant, because of their size, could not be seen and that therefore the officers exceeded the scope of their search warrant. Additionally, he appears to argue that, in the execution of a search warrant issued under Article 18.02(a), subsections (1) through (10) and (12) of the Texas Code of Criminal Procedure,[2] the plain-view doctrine allows seizure only of items that are related to the offense for which the warrant is issued. We disagree.

At the outset, it is important to note that, in his objection to the evidence at trial, Jefferson argued only that the search warrant was issued under subsections (1) through (9) of Article 18.02(a), and that, in the case of a search warrant issued under these sections, the seizure of items in plain view is limited to items that are related to the offense for which the search warrant was issued. In supporting his objection at trial, Jefferson never argued that the officers exceeded the scope of the search warrant by searching where the items listed in the search warrant could not be located nor that the plain view doctrine was limited for search warrants issued under subsections (10) or (12) of Article 18.02(a).

---

[2]*See* Tex. CODE CRIM. PROC. ANN. art. 18.02(a)(1)–(10), (12) (West Supp. 2017).

"To preserve an issue involving the admission of evidence for appellate review, the objection is required to inform the trial court why, or on what basis, the evidence should be excluded." *Douglas v. State*, 489 S.W.3d 613, 629 (Tex. App.—Texarkana 2016, no pet.) (citing *Ford v. State*, 305 S.W.3d 530, 533 (Tex. Crim. App. 2009) (citing *Cohn v. State*, 849 S.W.2d 817, 821 (Tex. Crim. App. 1993) (Campell, J., concurring)).[3] To preserve a complaint on appeal, "all a party has to do . . . is to let the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it." *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992). Further, "an issue on appeal that does not comport with the objection made at trial presents nothing for appellate review." *Douglas*, 489 S.W.3d at 629 (citing *Ibarra v. State*, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999); *Wright v. State*, 154 S.W.3d 235, 241 (Tex. App.—Texarkana 2005, pet. ref'd)). At trial, Jefferson did not argue that the officers exceeded the scope of the search warrant or that search warrants issued under subsections (10) or (12) of Article 18.02(a) limited the scope of items in plain view that could be seized. Therefore, these arguments in support of his first issue have not been preserved.

A trial court's decision to admit or exclude evidence is reviewed under an abuse-of-discretion standard. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). Abuse of discretion occurs only if the decision is "so clearly wrong as to lie outside the zone within which reasonable people might disagree." *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008); *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g). We may not

---

[3]*See also* TEX. R. APP. P. 33.1(a)(1)(A).

5

substitute our own decision for that of the trial court. *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003). We will uphold an evidentiary ruling if it was correct on any theory of law applicable to the case. *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009).

Under the plain-view doctrine, a law enforcement officer may lawfully seize an item when (1) he or she has a right to be in a location where the article is in plain view and (2) the article leads the officer to have an immediately apparent belief, i.e., probable cause, that the article constitutes contraband, evidence of a crime, or an item otherwise subject to seizure. *State v. Dobbs*, 323 S.W.3d 184, 187 (Tex. Crim. App. 2010); *Walter v. State*, 28 S.W.3d 538, 541 (Tex. Crim. App. 2000) (citing *Texas v. Brown*, 460 U.S. 730, 737 (1983)). This is applicable to "a police officer who is lawfully on private premises pursuant to a warrant . . . so long as he has not exceeded the authority granted him by the warrant." *Dobbs*, 323 S.W.3d at 187. In such an instance, the officer "may seize any item in plain view that probable cause tells him is contraband." *Id.*

In this case, the officers observed the cocaine in plain view in the course of securing the premises for their search. Officers may conduct a cursory examination of a residence to secure it and seize any contraband seen during that examination. *See Ramos v. State*, 934 S.W.2d 358, 365–66 (Tex. Crim. App. 1996); *see also Vuong v. State*, 830 S.W.2d 929, 937–38 (Tex. Crim. App. 1992) (officer checking hotel room bathroom to make sure no one else was in the room may seize evidence of illegal narcotics found in plain view). Therefore, unless some limitation of the plain-view doctrine applies, the officers in this case lawfully seized the cocaine that they found in plain view, and such evidence was admissible at trial.

6

Jefferson argues that search warrants issued under subsections (1) through (9) of Article 18.02(a)[4] limit the scope of items that may be seized under the plain-view doctrine to those items that are related to the offense for which the warrant was issued. None of the cases cited by Jefferson, and none of the authority found by us, supports his argument.[5] To the contrary, the Texas Court of Criminal Appeals has held that the plain-view doctrine applies without limitation in a similar situation. In *Dobbs*, the officers searched a residence pursuant to a search warrant for narcotics and came upon two new sets of golf clubs in the middle of a bedroom floor that were determined to be stolen. *Dobbs*, 323 S.W.3d at 185–86. Article 18.02(a)(7) permits search warrants to be issued to search for and seize drugs and controlled substances. TEX. CODE CRIM. PROC. ANN. art. 18.02(a)(7). The Texas Court of Criminal Appeals noted that an officer who is legitimately on private premises pursuant to a search warrant "may also seize anything he discovers in plain view on those premises if it is 'immediately apparent' to him . . . that it constitutes contraband, without the necessity of obtaining a second warrant to justify the seizure." *Dobbs*, 323 S.W.3d at 187.[6] We see no reason why this rule would not also apply to the execution of the search warrant issued in this case.

---

[4]In this case the search warrant was issued under subsection (8), which provides that "[a] search warrant may be issued to search for and seize: . . . (8) any property the possession of which is prohibited by law." TEX. CODE CRIM. PROC. ANN. art. 18.02(a)(8).

[5]*See Joseph v. State*, 807 S.W.2d 303 (Tex. Crim. App. 1991); *Chase v. State*, 508 S.W.2d 605 (Tex. Crim. App. 1974), *overruled on other grounds by Ex parte Trahan*, 591 S.W.2d 837 (Tex. Crim. App. 1979); *State v. Young*, 8 S.W.3d 695 (Tex. App.—Fort Worth 1999, no pet.); *Carrington v. State*, 655 S.W.2d 229 (Tex. App.—Houston [14th Dist.] 1983, no pet.).

[6]*See also Carmen v. State*, 358 S.W.3d 285, 298 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) ("the limitation on the plain-view doctrine appl[ies] only if a warrant is issued under article 18.02(10) and not under any of the other subdivisions of article 18.02"); *Young*, 8 S.W.3d at 699 ("'plain view' evidence may be properly seized with respect to searches authorized by warrants issued under subsections (1) through (9) and (12) of article 18.02").

Consequently, we find no abuse of discretion in the admission of evidence of the cocaine seized during the execution of the search warrant.

*(2)     The Plain-View Jury Instruction Was Not Erroneous*

Jefferson also complains that the trial court erred in giving the following instruction regarding evidence seized in plain view:

> Our law provides that items obtained by an officer during a search in violation of any provision of the Constitution or the laws of the State of Texas or of the Constitution or laws of the United States of America cannot be considered as evidence against the accused on the trial of any criminal case. Only items described in a search warrant may be seized and considered as evidence unless at the time of the search, while executing a search warrant, the items which are not described in a search warrant are in plain view of the officers conducting the search and the officers conducting the search have probable cause to believe the items obtained were contraband or evidence of a crime.

Our review of alleged jury charge error involves a two-step process. *See Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994). "Initially, we determine whether error occurred and then evaluate whether sufficient harm resulted from the error to require reversal." *Wilson v. State*, 391 S.W.3d 131, 138 (Tex. App.—Texarkana 2012, no pet.) (citing *Abdnor*, 871 S.W.2d at 731–32).

"[T]he jury is the exclusive judge of the facts, but it is bound to receive the law from the court and be governed thereby." TEX. CODE CRIM. PROC. ANN. art. 36.13 (West 2007). "A trial court must submit a charge setting forth the 'law applicable to the case.'" *Lee v. State*, 415 S.W.3d 915, 917 (Tex. App.—Texarkana 2013, pet. ref'd) (quoting TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007)). "The purpose of the jury charge . . . is to inform the jury of the applicable law and guide them in its application. It is not the function of the charge merely to avoid

8

misleading or confusing the jury: it is the function of the charge to lead and prevent confusion." *Id*. (quoting *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007)).

Relying on the same cases cited in support of his first issue, Jefferson contends that the instruction is erroneous because the plain-view doctrine is limited to evidence related to the items named in the search warrant. As we have previously noted, legal authority does not support Jefferson's contention. Further, the instruction given by the trial court is a substantially correct statement of the law as stated in *Dobbs*. *See Dobbs*, 323 S.W.3d at 187; *see also Walter*, 28 S.W.3d at 541. Consequently, the trial court did not err.

For the reasons stated, we affirm the trial court's judgment.


<div style="margin-left: 40%;">

Josh R. Morriss III
Chief Justice

</div>

Date Submitted:     December 21, 2017
Date Decided:     December 28, 2017

Do Not Publish